UNITED STATES

v.

**Major Luis J. CASTLEMAN, 371–42–1715FV, United States Air Force.**

UNITED STATES

v.

**Airman Linda J. DUNKIN, FR264–15–5122, United States Air Force.**

**ACM 22815, ACM S24991.**

U. S. Air Force Court of Military Review.

19 March 1981.

Appellate Counsel for the Accused (Castleman): Colonel George R. Stevens, and Major Robert G. Gibson, Jr.

Appellate Counsel for the Accused (Dunkin): Colonel George R. Stevens, Captain Willard K. Lockwood and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel James D. Porter and Captain Michael J. Hoover.

Before EARLY, POWELL, ARROWOOD, MILES, KASTL, MAHONEY and MILLER, Appellate Military Judges, En Banc.

ORDER

PER CURIAM:

We have consolidated for *en banc* consideration two motions for leave to file documents relating to the accused's conduct which are not a part of the record. In *United States v. Dunkin*, the defense has moved that we consider the documents on the issue of sentence appropriateness; the government opposes granting the motion. In *United States v. Castleman*, the motion is identical, but the parties are reversed in their roles.

On the issue of sentence appropriateness, Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), we adhere to precedent and hold that this Court is limited to consideration of matters included in the "entire record." That phrase encompasses the transcript, the documentary ex-

hibits, and the allied papers.[1] *United States v. Fagnan*, 12 U.S.C.M.A. 192, 30 C.M.R. 192 (1961); *United States v. Gordon*, 2 U.S.C.M.A. 632, 10 C.M.R. 130 (1953); *United States v. Rowser*, 2 M.J. 1160, 1162–63 (C.G.C.M.R.1975); *United States v. Pinkston*, 40 C.M.R. 745, 747 (A.B.R.1969); *United States v. Lancaster*, 31 C.M.R. 330, 331–32 (A.B.R.1961), *pet. den.* 12 U.S.C.M.A. 755, 31 C.M.R. 314 (1961); *United States v. Gaskins*, 26 C.M.R. 822 (C.G.B.R.1958).

During oral argument, counsel suggested that even if the documents are not accepted for the purposes initially offered, we should accept them provisionally, for consideration in the event reassessment of the sentence is required by an error in the case. This we decline to do.[2]

It is hereby ORDERED by the Court that the motions for leave to file documents be, and that they hereby are,

DENIED.[3]

---

1. Appellate briefs submitted by defense counsel pursuant to Article 38(c), Uniform Code of Military Justice, 10 U.S.C. § 838(c), become a part of the record, but contrary to the suggestion of counsel, such briefs do not furnish an alternative vehicle for attaching documentary exhibits to the record. *United States v. Perry*, 33 C.M.R. 568 (A.B.R.1963).

2. Generally, where the effect of a legal error is so pervasive as to warrant our consideration of additional evidence, a rehearing on sentence will be considered. *United States v. Dukes*, 5 M.J. 71 (C.M.A.1978); *United States v. Gordon*, 18 U.S.C.M.A. 611, 40 C.M.R. 323 (1969). Nevertheless, we recognize that (a) unusual circumstances or (b) extraordinary post-trial evidence may warrant our consideration of extra-record documentary exhibits upon sentence reassessment. In either such contingency counsel may state, as a part of normal pleadings: (1) that they are in possession of relevant documentary evidence (specifically identifying such document(s) by type, subject, date, and identity and capacity of author); and (2) that such evidence would be of significant value to the Court in reassessing the sentence. In the event that the Court determines an error exists which can be remedied by sentence reassessment, the Court *may*, in its discretion, and prior to actual reassessment, invite filing of the previously identified documents, subject to objection by opposing counsel.

3. The proffered documents will be returned to their respective proponents, who may, if they deem it advisable, forward them to The Judge Advocate General for clemency consideration. Article 74(a), Uniform Code of Military Justice, 10 U.S.C. § 874(a); paragraph 12–2d, Air Force Manual 111–1, Military Justice Guide, 2 July 1973.