UNITED STATES

v.

Captain Larry F. WALL, FR 445–46–1504FV United States Air Force.

ACM 23422.

U. S. Air Force Court of Military Review.

Sentence Adjudged 17 Dec. 1981.

Decided 12 July 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

Tried by a general court-martial, the accused was convicted, pursuant to his pleas, of multiple marijuana offenses and the wrongful use, possession and transfer of marijuana while in the presence of enlisted members of his command; and despite his pleas, of wrongfully transferring marijuana for subsequent sale to another Air Force member, while on duty as a squadron section commander, and of obstructing justice, all in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 933.[1] He was sentenced to a dismissal, total forfeitures, and confinement at hard labor for seven years.

### I

Initially, appellate defense counsel urge that the evidence was insufficient to support the conviction for obstructing justice (Specification 2, Additional Charge I).

The record disclosed that the victim, Sergeant Camacho, knew the accused and used marijuana with him numerous times. Once, while Camacho was waiting for his car pool, the accused offered him a ride. After some casual conversation, the accused asked Camacho if he "planned on talking." When Camacho said no, the accused replied "he was glad because he'd hate to see any bloodshed." Camacho was uneasy over the accused's statement and discussed it with a friend.

The accused argues this language was not a threat as it was made in the context of a friendly conversation and did not affect Camacho's amicable relationship with the accused. The thrust of the accused's position is that Camacho did not perceive the statement to be a threat and would have talked to the Office of Special Investigations (OSI) under any circumstances.

The administration of justice is possible only where potential witnesses are protected against violence to their persons. *United States v. Le Sage*, 22 C.M.R. 853 (A.F.B. R.1956). We attribute little significance to the circumstance that the accused's statement would not have deterred Camacho from cooperating with law enforcement authorities; otherwise, a witness could be harassed with impunity if that individual simply ignored the remark or refused to be frightened by it. Likewise, the accused's friendship with Camacho does not lessen the impact of the remark or the nature of the threat. That Camacho related the incident to a third person and was "uneasy" over it belies any assertion that Camacho considered the remark to be friendly banter or made in jest. We are convinced beyond a reasonable doubt of the accused's guilt. *Cf. United States v. Johnson*, 21 U.S.C.M.A. 279, 45 C.M.R. 53 (1972); *see generally, United States v. Caudill*, 10 M.J. 787 (A.F.C. M.R.1981); *United States v. Chodkowski*, 11 M.J. 605 (A.F.C.M.R.1981).

---

1. He was acquitted of additional allegations of wrongfully introducing marijuana onto an Air Force base for the purpose of use, and failing to take action on an official investigation in which the United States had an interest.

## II

 Next, the accused maintains that the offenses of wrongfully possessing, using and transferring marijuana (Specifications 1, 2 and 3, Charge I) are multiplicious for sentencing. Basically, he argues the substance of the offenses was the contemporaneous possession, use and transfer of the *same* quantities of marijuana at various times over the course of a year. We disagree as the record does not support this conclusion. There is ample evidence that the offenses differed in time, place, and amounts of marijuana involved. For example: the accused possessed marijuana in his house in August 1980, and at Eielson Air Force Base on 16 January 1981; he used marijuana in January 1981 at Moose Creek, Alaska, and at parties at his house at North Pole, Alaska, at various times between January—April 1980; and made transfers of marijuana to different individuals in different amounts during the summer and fall of 1980. As we said in *United States v. Shealy*, 9 M.J. 842 (A.F.C.M.R.1980), "Each case must be analyzed within its own factual context, and the facts in each case are controlling." The offenses are separate for punishment purposes, and the military judge did not err in so ruling.

## III

 Finally, appellate defense counsel urge that the sentence is too harsh and hence inappropriate and direct our attention to the numerous clemency requests submitted on behalf of the accused.[2] In summary, the accused acknowledges the seriousness of his conduct, but asks that we consider his family situation and his wife and two sons who are totally dependent upon him for financial and emotional support. He seeks partial reinstatement of the forfeitures and a reduction of the period of confinement at hard labor to three years.

To use a position of trust in a manner as the accused did is inexcusable. We will not ignore that the accused, as a commander,

---

2. The accused's MOTION TO FILE ATTACHED DOCUMENT (Letter from Mrs. Sandra Wall) for determination of sentence appro-

was trafficking in drugs to members of his command at a profit to himself. Nor will we overlook that he encouraged the use of marijuana among the members of his command and Air Force personnel in general. Upon consideration of the entire record, we find the sentence appropriate. The findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.

priateness is DENIED. *United States v. Castleman*, 10 M.J. 750 (A.F.C.M.R.1981).