UNITED STATES, Appellee,

v.

Private First Class Cedric J. BRUN-DIDGE, SSN 419–80–7469, United States Army, Appellant.

CM 443644.

U.S. Army Court of Military Review.

31 Oct. 1983.

Captain James A. McAtamney, JAGC, and Captain Melvin F. Fortes, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Major Thomas M. Curtis, JAGC, Major Thomas J. Leclair, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Pursuant to his plea appellant was found guilty of committing an indecent, lewd and lascivious act with Private B in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The act alleged was sexual intercourse between appellant and Private B in the presence of Specialist D and Private T. The providence inquiry establishes that the act of intercourse took place in Specialist D's sleeping area in a darkened three-person barracks room. Specialist D and Private T were in the common area of that barracks room, which was screened from the sleeping area by the arrangement of the occupants' wall-lockers. From this vantage point, Specialist D and Private T were "capable of observing the act of intercourse at various times" and they "knew what [appellant and Private B] were doing." Appellant was cognizant of Specialist D and Private T's "presence" and of their awareness of his sexual activity.

Appellant here contends that his plea of guilty was improvident, advancing two grounds:

1.  The "presence" of Specialist D and Private T was not adequately established.

2.  Contemporary standards of morality are such that appellant's act was not indecent, lewd or lascivious.

Appellant also asserts that his sentence is unduly severe.

The presence of Specialist D and Private T is relevant for determining whether appellant's act of sexual intercourse was "open and notorious" and thus, on that basis, constituted an offense under the Uniform Code of Military Justice. We find that the public nature of appellant's act was established beyond cavil. Contrary to appellant's assertion, the Government does not need to prove Specialist D and Private T visually observed appellant's act to show that appellant's act was committed in their presence. Appellant engaged in sexual intercourse with Private B knowing that because of their location either Specialist D or Private T could have seen this act. Indeed, under the circumstances of this case, a substantial risk existed that Specialist D or Private T would see the act. Additionally, the proximity of Specialist D and Private T allowed them "to observe" appellant's act through their other senses. These facts are sufficient to show that appellant's act was committed in the presence of third parties.

As for contemporary standards of morality, we are confident that, whatever else may be countenanced, sexual intercourse before an audience still excites lust and depraves morality with respect to "persons of average sensibilities and habits." *See United States v. Berry,* 6 U.S.C.M.A. 609, 614, 20 C.M.R. 325, 330 (1956).

588

Appellant was sentenced to a bad-conduct discharge, confinement at hard labor for four months, total forfeitures and reduction to Private E–1. The convening authority approved the sentence but suspended the last one and one-half months of the adjudged confinement. Appellant presented substantial evidence of good duty performance and potential as a soldier, including a recommendation by his intermediate commander, a brigadier general, that the entire sentence be suspended. Having considered all aspects of the case, including the fact that the approved sentence is well within the limits of the pretrial agreement initiated by the appellant, we find the sentence appropriate. In reaching this conclusion we have not considered the extra-record sentence matters offered by appellant. Our jurisdiction as defined by Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), does not extend to matters outside of the "entire record." *United States v. Fagnan,* 12 U.S.C.M.A. 192, 30 C.M.R. 192 (1961).

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.