**UNITED STATES**

v.

**Airman First Class Danny R. WILLIAMS, FR 241–19–3535, United States Air Force.**

**ACM 24213.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 2 Sept. 1983.

Decided 23 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

DECISION AND ORDER

KASTL, Senior Judge:

Having been apprised of data questioning the accused's mental state, we return this case for further inquiry into his mental responsibility and capacity.

Airman First Class Williams was found guilty, despite his pleas, of an assault inflicting grievous bodily harm, in violation of Article 128, U.C.M.J. 10 U.S.C. § 928. His sentence—bad conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to airman basic—was approved by the general court-martial convening authority.

On 2 April 1984, appellate defense counsel advanced a Motion to File Document as well as a Motion for Sanity Board. The two motions, unopposed by the Government, are granted.

The document in question is a medical report created at the U.S. Army's Second General Hospital at Landstuhl, Germany. This document relates that the accused received ten days of psychiatric hospitalization in 1979, prior to enlistment. It further relates that allegedly: (a) after the assault in question, the accused began having "strange experiences" and seeing a little man, approximately 3½ inches tall, commanding him what to do; (b) the accused has difficulty refraining from killing himself or his guards because of "other voices telling him what to do;" (c) he desires to "act silly, like a monkey" and notes that "I see things moving;" and (d) he tried to kill himself in confinement after an argument with another.

The report finds the patient psychotic, with his "bizarre conduct" indicative "of a schizophrenic process." Medical evaluation was recommended to a more heavily staffed facility for long term care.

Appellate defense counsel's Motion for Sanity Board argues that the Landstuhl Hospital report "raises questions as to the appellant's sanity now and at the time of his court-martial." The Motion notes that:

> Since the report contains information that the appellant had mental difficulties prior to his enlistment, we request that the inquiry also look at whether he was sane at the time of the offense of which he was convicted.

### Analysis

■ Military law accords insanity a preferred status. *United States v. Babbidge*, 18 U.S.C.M.A. 327, 40 C.M.R. 30, 41 (1969); *United States v. Carey*, 11 U.S.C.M.A. 443, 29 C.M.R. 259 (1960). In this vein, there are three distinct stages when the issue of the accused's sanity, if reasonably raised, should be the subject of inquiry: (1) at the time of the commission of the offense; (2) at time of trial; and (3) at time of appellate review. *United States v. Thomas*, 13 U.S.C.M.A. 163, 32 C.M.R. 163 (1962). Further inquiry into the accused's mental condition is required when it appears warranted in the interest of justice, regardless of whether the question was raised at trial or how it was determined, if raised. M.C.M., 1969 (Rev.), para. 124. *See United States v. Walker*, 20 U.S.C.M.A. 241, 43 C.M.R. 81 (1971).

■ In this case the information proffered by the defense creates a sufficient doubt to warrant further inquiry into the accused's mental capacity now, at the time of the commission of the offenses, and at time of trial. *United States v. Triplett*, 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972). *See* M.C.M. para. 124 and *United States v. Bledsoe*, 16 M.J. 977, 980 (A.F.C.M.R.1983). Hence, we set aside the convening authority's action and return the case.

### Procedure

The convening authority will institute a further sanity inquiry consistent with this decision. Any additional sanity proceeding will specifically review and determine in accordance with M.C.M., para. 121 and *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977):

1. The accused's mental responsibility for the offenses of which he was convicted;

2. The accused's mental capacity during his court-martial; and

3. The accused's present mental capacity as it relates to the appellate process. If the results of these proceedings demonstrate the accused's mental capacity and responsibility, a new staff judge advocate's review should be prepared and furnished to accused's counsel pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

If: (a) further sanity study is not feasible for any reason; or (b) during the course thereof or after its completion the supervisory authority is satisfied that the accused lacked or lacks mental capacity or responsibility; or (3) for any other reason the prosecution should be terminated, the conven-

ing authority may dismiss the charges and specifications.

The action of the convening authority is set aside and the record of trial is returned to The Judge Advocate General, United States Air Force, for return to the convening authority.

CANELLOS and RAICHLE, Judges, concur.