**UNITED STATES, Appellee,**

v.

**Private First Class Cedric J. BRUN-DIDGE, 419–80–7469, United States Army, Appellant.**

**CM 443644.**

U.S. Army Court of Military Review.

26 Sept. 1985.

For Appellant: L. Dan Turberville, Esquire.

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Captain Robert C. Erickson, Jr., JAGC, Captain Diana Moore, JAGC (on brief).

Before WOLD, FELDER and NAUGH-TON, Appellate Military Judges.

### OPINION OF THE COURT
### ON REMAND

WOLD, Senior Judge:

In *United States v. Brundidge*, 17 M.J. 586 (A.C.M.R.1983), we affirmed the findings and the sentence in appellant's case. In part, we said:

> [W]e find the sentence appropriate. In reaching this conclusion we have not considered the extra-record sentence matters offered by appellant. Our jurisdiction as defined by Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), does not extend to matters outside of the "entire record." *United States v. Fagnan*, [30 C.M.R. 192 (C.M.A.1961)].

17 M.J. at 588. Appellant thereafter petitioned the United States Court of Military Appeals, alleging, among other matters, that, "the Army Court of Military Review erred by declining to consider extra-record matters which demonstrated the excessiveness of the adjudged sentence." Having granted appellant's petition for review, the Court of Military Appeals then remanded the quoted issue to this court. *United States v. Brundidge*, 18 M.J. 12 (C.M.A. 1984). We adhere to our original holding and reaffirm appellant's sentence.

The extra-record matter at issue was presented in appellant's original brief to this court as follows:

> The most devastating aspect of appellant's conviction occurred shortly after his release from confinement and placement on excess leave status.* The appellant's father had contracted asbestosis and his health had deteriorated within the last year. The appellant felt it was necessary that his father not be informed

about his recent court-martial for fear that such information would create undue stress and only serve to aggravate his poor health. At any rate, appellant's father suffered what appeared to be a minor stroke on 18 March 1983. The doctors, however, were very optimistic about his recovery and during the following weeks he displayed tremendous progress. Unfortunately, his son's seemingly indefinite return home raised some questions and inadvertently the appellant's father learned of his son's court-martial. The apparent progress seemed to come to a sudden halt and on 21 May 1983, the appellant's father passed away.*

---

* Pursuant to appellant's guidance, which was received through telephone calls and written correspondence, the adverse [e]ffect of the court-martial proceeding upon the health of his father is presented to this Court. *See United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982).

Article 66(c), Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 866(c), provides that a Court of Military Review, "may affirm ... the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of *the entire record,* should be approved." (emphasis added). In *United States v. Fagnan,* the Court of Military Appeals said:

> We hold, therefore, that a board of review is limited in its consideration of information relating to the appropriateness of sentence to matters included in "the entire record." That phrase encompasses the transcript and the allied papers, as well as any appellate brief prepared pursuant to the terms of [UCMJ], Article 38. *United States v. Simmons,* [6 C.M.R. 105 (C.M.A.1952)]; *United States v. Lanford,* [20 C.M.R. 87 (C.M.A.

1955)]. Beyond these limits, the board of review may not go. Accordingly, the board here properly refused to consider, on the question of the appropriateness of accused's sentence, the [post-trial] psychiatric report and letter regarding his good conduct in post-trial confinement. 30 C.M.R. at 195.[1] As appellant points out in his brief on remand, it is because of this limitation to "the entire record" that the appellate courts, when deciding sentence appropriateness, have refused to consider an appellant's post-trial conduct subsequent to the convening authority's initial action. *See United States v. Hoard,* 12 M.J. 563 (A.C.M.R.1981), *pet. denied,* 13 M.J. 31 (C.M.A.1982); *United States v. Castleman,* 10 M.J. 750 (A.F.C.M.R.1981) (en banc).

Appellant, however, argues that, "[t]he Courts of Review, with the sanction of [the Court of Military Appeals], have chosen in certain instances, in the interest of justice and fairness to an appellant, to ignore the limitations imposed by Article 66, UCMJ." As authority for this remarkable statement, appellant cites the line of cases which has determined that a Court of Military Review may take judicial notice of sentences in closely related cases when considering sentence appropriateness. *See, e.g., United States v. Ballard,* 20 M.J. 282 (C.M.A.1985); *United States v. Snelling,* 14 M.J. 267 (C.M.A.1982); *United States v. Olinger,* 12 M.J. 458 (C.M.A.1982). There are two things which must be said in response.

First, there is a class of information about how things generally work or happen—in a sense, background information—which in another context has come to be

---

**1.** As to the status of Article 38 briefs, 10 U.S.C. § 838, it should be noted that the *Fagnan* court said:

> In *Lanford* ... we expressed the belief that [a board of review] could not go beyond the record of trial and related materials which were before the convening authority at the time of his action. Our re-examination of the position asserted in that case convinces us that its interpretation of [UCMJ] Article 66 was well-founded.

30 C.M.R. at 194. We agree with the Air Force Court of Military Review that:

> Appellate briefs submitted by defense counsel pursuant to Article 38(c), [UCMJ], become part of the record, but contrary to the suggestion of counsel, such briefs do not furnish an alternative vehicle for attaching documentary exhibits to the record. *United States v. Perry,* 33 C.M.R. 568 (A.B.R.1963).

*United States v. Castleman,* 10 M.J. 750, 751 n. 1 (A.F.C.M.R.1981) (en banc).

called "legislative facts." *See, e.g.,* Analysis of the 1980 Amendments to the Manual for Courts-Martial, App. 22, Sec. II (Rule 201), Manual for Courts-Martial, United States, 1984; 2 Davis, *Administrative Law Treatise* 353 (1958); Note, *Judicial Notice: Rule 201 of the Federal Rules of Evidence,* 28 U.Fla.L.Rev. 723 (1976). This kind of information is so named because it is the sort of information which legislators find relevant and useful in framing laws of general application. Of course, the use of legislative facts is not confined to legislatures; courts frequently use them as well. Legislative facts are to be contrasted with adjudicative facts, in that the latter are · facts which are relevant and helpful in deciding a specific case rather than in promulgating general principles. *Ballard* stands for the proposition that a Court of Military Review must "know something about the range of sentences typically adjudged for certain offenses"[2]—legislative facts—and that the court may, in its discretion, choose to supplement its own "accumulated knowledge" by accepting or noticing evidence about sentences meted out in particular individual cases as another source of such legislative facts. This principle does nothing to advance appellant's argument that we should consider the extra-record evidence of *adjudicative* facts which he has offered in the case at bar.

Second, *Snelling* and *Olinger* stand for the proposition that where "closely related" cases such as accomplices are involved, "the sentence adjudged in the earlier case must be considered [by the Court of Military Review] in determining an 'appropriate' sentence." *United States v. Ballard,* 20 M.J. at 286. Appellant concludes from this that Article 66(c) has been emasculated and that the Courts of Military Review may therefore consider any extra-record material at all on the question of sentence appropriateness, subject only to the qualification that the court murmur over the evidence the incantation that it is being considered "in the interests of justice." This approach does not strike us as sound statutory construction or responsible interpretation of precedent.

Appellant's other argument relies on *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1981). Appellant contends that the following passage supports the admissibility of extra-record evidence:

> [W]hen the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, at a minimum, invite the attention of the Court of Military Review to those issues and, in its decision, the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them.

12 M.J. at 436. The flaw in this argument is that *Grostefon* contains no commands about what *evidence* this court may or may not consider; it addresses only the question of what *issues* shall be brought to our attention.

We found no legal merit in appellant's arguments when we considered them in their implicit form at the time appellant first offered us the extra-record sentencing matters in question; for the reasons stated, we find none now. The events appellant describes are sad indeed, and this is so whether or not one agrees with appellant's implied contention that there was a causative link between his court-martial and his father's death. But hard cases should not be allowed to make bad law, and in this case we decline appellant's invitation to defy the command of Congress in Article 66(c).

The sentence is, again, AFFIRMED.

Judge NAUGHTON concurs.

Judge FELDER took no part in the decision of this case.

---

**2.** 20 M.J. at 286 (Everett, C.J., concurring).