**UNITED STATES, Appellee,**

v.

**Sergeant Nathaniel MITCHELL, U.S. Marine Corps, Appellant.**

No. 48,607.

NMCM 83 5151.

U.S. Court of Military Appeals.

Sept. 30, 1985.

---

For Appellant: *Lieutenant Colonel M.W. Lucas, USMC,* and *Lieutenant Brian M. Madden, JAGC, USNR.*

For Appellee: Captain W.J. Hughes, JAGC, USN, and Major E.D. Clark, USMC.

1. In a footnote, appellate defense counsel invited the Court's attention to a *Goode* response

*Opinion of the Court*

PER CURIAM:

This case was appealed to the Court of Military Review "on its merits ... without specific assignment of errors or brief" on December 2, 1983.[1] Ten days later, while the case was pending decision by that court, appellate defense counsel moved for leave to file a signed, unsworn, undated letter from appellant to the members of the Court of Military Review. In his motion, appellate defense counsel stated:

> COMES NOW appellant, pursuant to Rule 23, Rules of Practice and Procedure, Courts of Military Review, and prays that this Honorable Court will allow him to file a letter addressed to this Honorable Court, raising several issues which appellant wishes this Court to consider in reviewing his case. *See United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).
>
> WHEREFORE, appellant prays that this Honorable Court will grant him leave to file his letter.

The Court denied this motion to file on December 19, 1983, and appellant now complains of that denial.

In *United States v. Grostefon, supra* at 435–36, we stated:

> Appellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous. But he is, after all, an advocate, and if he errs, it should be on the side of raising the issue. There can be little harm in this practice since the Court of Military Review has the mandatory responsibility to read the entire record and independently arrive at a decision that the findings and sentence are correct in law and fact .... [T]he proper procedure for appellate defense counsel [to follow], after consultation with the accused, is to identify the issue to the appellate court and to supply such briefs and argument

filed by appellant's civilian defense counsel.

as he feels will best advance his client's interest. We do not mean to say that every issue advanced by trial defense counsel must be adopted and briefed *vel non* by appellate defense counsel; indeed, appellate defense counsel are assumed to have particular skills in their fields. [Citation omitted.] Appellate defense counsel may well wish to restate issues in a manner they believe will be more responsive to the courts before which they practice.

(Footnotes omitted.)

As indicated in his pleading, appellate defense counsel was attempting to perform his *Grostefon* duties by moving for leave to file appellant's letter with the Court of Military Review, pursuant to Rule 23, Motions, Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXIX, LXXXVIII (1980). Indeed, his motion was in the nature of a motion to file supplemental assignment of errors, which specifically is mentioned in Rule 23(a).

There is no explanation why the court below denied the motion.[2] If the denial was because of untimeliness and a motion to file a supplemental assignment of error would have been rejected on that basis if filed at the same time, then appellant may have no cause for complaint. Certainly, he is not entitled as a matter of legal right to bypass time limits that would apply to a motion by his counsel to raise additional issues. We do note, however, as mentioned earlier, that the case still was pending decision by the court when counsel filed his motion, and no published rule of the court imposes time restraints on the filing of such a motion under these circumstances.

Another possible basis for the denial is that the Court of Military Review did not wish to consider issues presented in this informal manner. If so, then different considerations are involved. Rule 16(a) of that Court's rules, *supra*, specifically prescribes the format expected for assignments of error and briefs, and appellant's letter does not comply therewith.[3] On the other hand, our decision in *Grostefon* postdated these rules, so their drafters could not have anticipated the responsibility placed on appellate defense counsel by that case in order to decide whether less formal means might be desirable under such circumstances. In this Court, for example, a liberal policy has been followed in this regard in recognition of the heavy workload of appellate defense counsel. Thus, hopefully, the requirements of *Grostefon* are made less onerous for counsel.[4]

In any event, we are left to speculate as to the basis of the denial; and, quite frankly, that shoe pinches our toes. We have read the letter in question and have found that it goes entirely to the factual sufficiency of the findings against appellant.

2. Appellate government counsel opposed the motion in this language:

> This is an unsworn letter and not a sworn affidavit. *United States v. Grostofon* [sic], 12 M.J. 431 (C.M.A.1982) does not sanction appellant's submission of this document not a part of the entire record to this Court. Furthermore, the Government has considered the matters in this letter and submits to this Honorable Court that there is no merit to appellant's claim of error. Appellant's detailed argument on the facts of this case is not persuasive.

Two points are brought to mind. First, our opinion in *Grostefon* did not "sanction" submission of an unsworn letter, but it did not exclude such a possibility either. Indeed, as indicated in the text of this opinion, *infra*, the form of "*Grostefon* pleadings" appropriately was left to the discretion of the appellate courts, but the court below has not specifically addressed this matter. Second, the Government's failure to be impressed with the merits of appellant's claims more appropriately is a response to the substance of the letter once admitted, instead of being a matter urged as a ground in opposition of acceptance.

3. Nonetheless, appellant's 10–page letter appears on lined "legal pad" paper and is entirely legible and coherent. Moreover, if the court had advised that the basis of the denial was noncompliance with the formal requirements of Rule 16a, then perhaps counsel would have remedied the omission sometime before December 23, 1983, when the court handed down its decision in the appeal.

4. Even under such a less-formal practice, however, counsel must determine whether, by recasting the same issues into formal supplemental assignments of error, he could assure that they would be more effective.

Because that issue is peculiarly within the province of the Court of Military Review, *compare* Art. 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c), *with* Art. 67(d), UCMJ, 10 U.S.C. § 867(d), we are unable to weigh the merits of appellant's claims, even if we were otherwise inclined to undertake such an exercise. The procedures followed here do not produce the type of appellate review contemplated by the Congress. An appellant who has defended vigorously at trial and denied his guilt and thereafter has marshaled detailed factual arguments to be considered by an appellate court with factfinding powers should receive more than a consideration of his case "on its merits" and "without specific assignment of errors or brief."

In order to remedy the situation that has developed—and without attempting to assign any blame for that situation—we must reverse the decision of the United States Navy-Marine Corps Court of Military Review and return the record of trial to the Judge Advocate General of the Navy for resubmission to that court for consideration of any further pleadings of counsel advancing the contentions expressed in appellant's letter.

Judge FLETCHER did not participate.