**UNITED STATES, Appellee,**

v.

**Richard J. SUMPTER, Senior Airman, U.S. Air Force, Appellant.**

No. 54014.
ACM 24895.

U.S. Court of Military Appeals.

April 7, 1986.

For Appellant: *Colonel Leo L. Sergi* and *Major Charles E. Ambrose, Jr.*

For Appellee: *Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., Captain Marc Van Nuys.*

*Opinion of the Court*

PER CURIAM:

■ Appellate defense counsel's motion to file petition for grant of review out of time refers to "appellant's previous and inadvertent loss of his petition forms." Attached to the motion is the petition itself—also signed by appellate defense counsel—which mentions "the inadvertent discarding of his petition forms by appellant" and notes that it is submitted "[a]t the specific request of appellant." In support, counsel cite *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which contemplates that appellate defense counsel will present any issues an accused wishes to raise here and in the Court of Military Review. Because appellant apparently had no petition forms available to execute and submit himself in order to seek review by this Court, counsel acted properly in executing and presenting the petition in his behalf.

■ *Grostefon* provides no special basis for noncompliance with the rules of this Court, so the precedent cited by appellate defense counsel does not justify the late filing of the petition for review. However, in their response to the motion for late filing, appellate government counsel state that they do not oppose it. In view of this election not to dispute the good cause for late filing, we shall accept the petition.

■ We point out, however, for the guidance of counsel, that where a petition for review has been filed late and appellant is requesting that nonetheless we review his case, he and his counsel should make clear that he desires to raise some appellate issue on appeal. Heretofore, we have often received petitions for review as to which there was considerable controversy about

the timeliness of filing; and then, after various affidavits had been submitted and we had decided to receive the petition, the accused failed to raise any specific appellate issue and submitted the case on its merits. Under such circumstances, receipt of the petition and adding it to our docket has been a futile exercise.

■ To avoid such unproductive activity, in the future we shall deny a motion to file a petition for review out of time, unless the motion shows good cause for late filing *and* states with some specificity an issue which the accused desires to raise on appeal. While the specification of this issue will not preclude appellant from supplementing his petition for review with additional issues, it will, at least, indicate that the filing of the petition for review is done with some seriousness and is more than a delaying tactic without substance.

Appellant's motion to file late is granted; appellate counsel will file a supplement to the petition pursuant to Rule 21 of this Court's Rules within 30 days of the date this opinion is issued.