UNITED STATES, Appellee,

v.

Staff Sergeant Fred E. WILLIAMS, 442–48–0095, United States Army, Appellant.

CM 446710.

U.S. Army Court of Military Review.

7 May 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC, Captain Peter D.P. Vint, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Gary F. Rober-son, JAGC, Captain Erik M. Stumpfel, JAGC (on brief).

Before WOLD, FELDER and NAUGHTON, Appellate Military Judges.

### OPINION OF THE COURT ON MOTION FOR RECONSIDERATION OF ORDER OF THE COURT

WOLD, Senior Judge:

On 18 December 1985 appellate defense counsel filed a brief before this court assigning three errors and challenging the appropriateness of the adjudged and approved sentence. One assignment of error attacked the adequacy of trial defense counsel's representation of appellant at trial. Along with this brief, appellate defense counsel moved the admission of Defense Exhibit A, a thirty-page, typed and sworn document personally prepared by appellant, parts of which addressed the claim that he was denied effective assistance of counsel. In addition, a footnote in appellate defense counsel's brief indicated that appellant personally wished this court to consider other issues addressed in Defense Exhibit A.

■ Large portions of Defense Exhibit A have no possible relevance to any issue that could be considered by this court and other portions are inadmissible on other grounds. For example, appellant begins his affidavit with an extensive discussion of his education, initial years of military service, service in Vietnam, and subsequent assignments. Although this information might perhaps be relevant to the appropriateness of appellant's sentence, we cannot lawfully consider such extra-record matters on that issue.[1] *United States v. Brundidge*, 20 M.J. 1028 (ACMR 1985); *United States v. Castleman*, 10 M.J. 750 (AFCMR 1981); *cf. United States v. Perry*, 33 CMR 568 (ABR) (briefs submitted by counsel are part of record but do not furnish a vehicle for introducing otherwise inadmissible evidence), *pet. denied*, 34 CMR 480 (CMA 1963). We can find no evidentiary value

---

1. Some of these matters are referred to in either the record of trial or the allied papers. Nevertheless, appellant's affidavit goes well beyond the scope of information found in these sources.

whatsoever in appellant's description of the armor-piercing capabilities of various anti-tank weapons, the circumstances surrounding appellant's adoption of his wife's children from a previous marriage, or the fact that he "was the only one in the area that had [videotapes of] all of the Muhammed Ali fights and all of Sugar Ray Leonard's fights." For these reasons, we issued an order, dated 8 January 1986, directing the defense "to furnish the court with a redacted version of Defense Appellate Exhibit A containing only those portions relevant to appellant's assignment of error." Appellate defense counsel have requested us to reconsider that order, citing *United States v. Grostefon*, 12 M.J. 431 (CMA 1982). In light of the issues of appellate representation involved, we grant appellant's request for reconsideration.

Appellate defense counsel have responded to our order as follows:

Pursuant to this Court's order, [appellate defense counsel] spoke telephonically with the appellant.... During that conversation: (1) the appellant, pursuant to [*Grostefon*], insisted that his entire affidavit is relevant to the issues he wants considered by this Court; (2) the appellant reaffirmed his desire that this Court consider his entire affidavit, without any redaction; (3) the appellant firmly stated that he will not authorize appellate defense counsel to redact his affidavit in any way; and (4) the appellant expressed his understanding that a possible consequence of his action could include rejection by this Court of his entire affidavit. Pursuant to [*Grostefon*], appellate defense counsel have an obligation to present to this Court issues that the client wants considered. That decision makes it clear that submission of appellate issues is not an area within the exclusive discretion of defense counsel. Because the client has insisted that everything in his affidavit is relevant to those issues and has refused to authorize appellate defense counsel to redact his affidavit in any way, appellate defense counsel must follow their client's express

wishes in this regard. *See United States v. Grostefon, supra.*

In our view, this contention reflects a basic misunderstanding of the issues involved and of *Grostefon*. First, counsel's response ignores the distinction between issues and evidence which we recently pointed out in *United States v. Brundidge*, 20 M.J. 1028 (ACMR 1985). "*Grostefon* contains no commands about what *evidence* this court may or may not consider; it addresses only the question of what *issues* shall be brought to our attention." *Id.* at 1030 (emphasis therein). Second, counsel's assertion that they are bound by their client's conclusion that everything in his affidavit is relevant and by their client's objection to redaction is a distortion of *Grostefon* and of the relationship between counsel and client. Third, counsel's response confuses identification of appellate issues with briefs or arguments on such issues. Finally, we find buried in all this confusion the implicit assertion that appellant should be treated as though he were litigating his appeal *pro se*.

In *Grostefon*, the United States Court of Military Appeals held that when an accused specifies an error in his request for appellate representation or in some other form, appellate defense counsel must, at a minimum, invite the appellate court's attention to that issue. The court must then, at a minimum, acknowledge that it has considered the issue and state its disposition thereof. The Court of Military Appeals explained the delicate balance it had struck between the prerogatives and responsibilities of appellate defense counsel and the personal desires of the client as follows:

Appellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous. But he is, after all, an advocate, and if he errs, it should be on the side of raising the issue.... [T]he proper procedure for appellate defense counsel [to follow], after consultation with the accused, is to identify the issue to the appellate court and to supply such briefs and argument

as he feels will best advance his client's interest. We do not mean to say that every issue advanced by trial defense counsel must be adopted and briefed *vel non* by appellate defense counsel; indeed, appellate defense counsel are assumed to have particular skills in their fields. Appellate defense counsel may well wish to restate issues in a manner they believe will be more responsive to the courts before which they practice.

12 M.J. at 435–36 (footnotes, citations omitted).

In *United States v. Arroyo*, 17 M.J. 224 (CMA 1984), the Court of Military Appeals reemphasized the duty of an appellate defense attorney to exercise his own professional judgment, save only for the obligation to identify to the court issues which have been personally addressed by his client.

As we thought we had made clear some time ago and we reiterate now, the requirement placed on appellate defense counsel is only that he identify those issues which his client wishes to have raised on appeal. The extent of his argument in support of the various issues is a matter of the attorney's sound professional judgment. However, he has the minimal responsibility of assuring that in the Court of Military Review and in this Court, attention is directed to the points which his client desires to have raised.

*Id.* at 226.

In *United States v. Mitchell*, 20 M.J. 350 (CMA 1985), the Court once again emphasized the principles it had announced in *Grostefon* and *Arroyo*. The Court also pointed out that the Courts of Military Review retain the power to enforce reasonable rules of practice with respect to such matters as the timing and form of appellate pleadings, including those submitted under *Grostefon*.[2] The Court then moved to a consideration of the specific situation before it.

Appellate defense counsel in *Mitchell* had submitted the case to the Court of Military Review "on its merits ... without specific assignment of errors or brief." Later, counsel submitted a letter from the appellant which attacked the factual sufficiency of the evidence to support the conviction, but counsel did not supplement the appellant's letter with a brief or further arguments. The Court of Military Review refused to consider the letter but did not state its reasons. The Court of Military Appeals concluded that

[t]he procedures followed here do not produce the type of review contemplated by the Congress. An appellant who has defended vigorously at trial and denied his guilt and thereafter has marshaled detailed factual arguments to be considered by an appellate court with fact-finding powers should receive more than a consideration of his case "on its merits" and "without specific assignment of errors or brief."

20 M.J. at 352. Demonstrating its usual courtesy and concern for the feelings of others, the Court then announced its remedy in the following terms:

In order to remedy the situation that has developed—and without attempting to assign any blame for that situation—we must reverse the decision of the [Court of Military Review] and return the record of trial ... for resubmission to that court for consideration of any further pleadings of counsel advancing the contentions expressed in appellant's letter.

*Id.*

■ The net effect of *Mitchell*, as we read the opinion, was to vacate the Court of Military Review's affirmance of the findings and sentence and to strongly encourage Mitchell's appellate counsel to file further pleadings on the issue Mitchell had personally raised. This disposition is susceptible to two interpretations. On the one hand, the Court could have been announcing a new rule, *i.e.*, that counsel must brief

---

2. For example, in the case at bar, we have deemed it appropriate to require appellant to conform another appellate exhibit to the provisions of Rule 15(a), Courts of Military Appeals Review Rule of Practice and Procedure.

certain issues whether or not their own professional judgment prompts them to do so. On the other hand, the Court might only have been encouraging Mitchell's appellate counsel to reevaluate his decision not to file a brief in that particular case because it appeared to the Court that Mitchell would be best served by such a brief, while at the same time continuing to leave the final determination to the counsel's own professional judgment. Since the latter interpretation is consistent with *Grostefon* and the Court has indicated no intention to alter the balance it so carefully struck in that case, that is the interpretation we believe to be correct. Thus we find no change in the Court's insistence that an appellate defense counsel exercise his own professional judgment in deciding how best to manage his client's case, subject only to one single exception—the responsibility of identifying any issues the client wants to advance but which counsel, in the exercise of his own judgment, has decided not to adopt.

The Court's insistence that an appellate defense counsel exercise his own best professional judgment on behalf of his client follows from the fundamental proposition that the effective assistance of counsel is well nigh indispensible to a fair trial.[3] Obviously, effective assistance of counsel cannot exist unless that counsel exercises his best professional judgment. It is for this reason that the law allocates to counsel the responsibility for all but the most fundamental decisions in the defense of a case. Sometimes this means that counsel must act contrary to his client's desires, for a client's desires and a client's best interests are sometimes incompatible. In *Grostefon*, the Court of Military Appeals sought to accommodate these principles while providing for identification of issues of personal importance to an appellant.

Appellate defense counsel in the case at bar urge us to abandon the delicate balance struck by the Court in *Grostefon*, substi-tuting a requirement that the appellate defense counsel abdicate the exercise of his own professional judgment in favor of the desires of his client. If we agreed, we would also be abdicating our own responsibility to enforce reasonable rules of practice and to enforce the rules of evidence whenever an appellant personally desired to pursue a particular course of action which violated those rules. We have no power to alter the law in such a way and would not dream of doing so even if we could.

■ Finally, it must be understood that an appellant who submits assignments of error under *Grostefon* is not the equivalent of an appellant appearing *pro se*. In cases involving a *pro se* appellant we would probably be inclined to adopt a rule of lenity with regard to the required form of pleadings and exhibits.[4] In this case, however, appellant is represented by appellate defense counsel who are clearly capable of determining what is relevant evidence and what is not. As long as that is so, counsel are bound to present only that evidence which they can colorably claim to be relevant to the issues before the court, whether those issues are fully briefed by counsel or presented in the more cursory manner permitted by *Grostefon*. In a nutshell, the fact that a counsel must identify all issues urged by his client does not mean that he must also present all evidence urged by his client.

■ We are not unmindful of the fact that in the instant case appellate defense counsel have apparently attempted to convince appellant to consent to redaction of the irrelevant portions of Defense Exhibit A. We also appreciate the difficulties which can arise when a client steadfastly refuses to budge. But there are matters in the attorney-client relationship which fall within the domain of the client and matters which fall within the domain of the attor-

---

3. While a layman has a right to represent himself, experience has shown that his chances of success are drastically reduced if he does.

4. *See e.g. Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *United States v. Santora,* 711 F.2d 41 (5th Cir.1983).

ney. The selection and presentation of evidence is one matter which the attorney clearly controls. *Grostefon* does not alter this concept in the least. It is the duty of appellant's counsel to exercise his own professional judgment in this area so long as appellant desires to avail himself of the right to be represented by counsel. It can hardly be considered proper discharge of that duty for counsel to place his client in peril of forfeiting consideration of the relevant and admissible portions of his affidavit by offering it on an all or nothing basis when it obviously contains inadmissible material. As for counsel's assertion that "[b]ecause the client has insisted that everything in his affidavit is relevant ...,  appellate defense counsel must follow their client's express wishes in this regard," we find the implications unacceptable.

██ Having reconsidered our original order, we adhere to it, with this addition. Appellate defense counsel is directed to submit only those portions of Defense Exhibit A as to which he can, in his professional judgment, make a colorable claim of relevance and admissibility on other grounds, and which he, in his professional judgment, believes will best advance the interests of his client. Appellate defense counsel may submit a redacted version of Defense Appellate Exhibit A or, alternatively, may direct our attention, by page and line number, to those portions of Defense Appellate Exhibit A which he desires admitted. Regardless of which of the aforementioned options appellate defense counsel chooses to exercise, he will also provide a list of *all* assignments of error being submitted to this court pursuant to *Grostefon* and indicate the assignments of error to which the offered evidence pertains. Appellate Defense Counsel will file in response to this decision no later than 13 May 1986.

Judge FELDER and Judge NAUGHTON concur.