**UNITED STATES**

v.

**Airman Basic Joseph G. McCARTHY**
**FR 106–54–5154.**

**ACM S27495.**

U.S. Air Force Court of Military Review.

22 July 1987.

———

ORDER

STEWART, Judge.

We consider herein the appellant's MOTION TO ADMIT DOCUMENTS, dated 26 June 1987, for this court's consideration on the issue of appropriateness of sentence. The government opposes the motion.

The documents consist of a three page letter, with eleven attachments, prepared by the appellant and sent to his appellate defense counsel. The content of the letter, supported by the attachments, concerns his injuries from a motorcycle accident that occurred a year and a quarter before his court-martial and the Air Force's administrative processing of the disability aspects of those injuries, which he alleges was, and is, dilatory. He states, "I ... believe that I should be medically separated since my injuries were incurred in the line of duty long before the date of any alleged misconduct." He also says, "In a few months I will be released from confinement and discharged [as a result of his court-martial]. I will not be entitled to veterans benefits or Air Force medical treatment."

While the last attachment is a page from his court-martial transcript making a brief reference to his injuries, the appellant does not allege any errors were made at his trial or in the legal proceedings leading to trial or post trial.

The appellant cites no authority in his motion other than Rule 23 of the Rules of Practice and Procedure of the Courts of Military Review. That rule merely prescribes the procedural rules for motions in general. On the other hand, the government, in its OPPOSITION, speculates that the appellant is relying on *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

In 1981 we held in *United States v. Castleman* and *United States v. Dunkin*, 10 M.J. 750 (A.F.C.M.R.1981), *pet. denied*, 12 M.J. 14 (C.M.A.1982), that we would not consider evidence on sentence appropriateness not in the record of trial. We have continued to adhere to the rule in *Castleman*. *United States v. Wall*, 13 M.J. 964, 966 (A.F.C.M.R.1982); *United States v. Johnson*, 15 M.J. 676 (A.F.C.M.R.1983); *United States v. Hood*, 16 M.J. 557, 560 (A.F.C.M.R.1983). The United States Army Court of Military Review also follows the *Castleman* rule and has extended

it to evidence on other issues. *United States v. Hoard,* 12 M.J. 563, 568 (A.C.M.R. 1981); *United States v. Brundidge,* 20 M.J. 1028 (A.C.M.R.1985); *United States v. Williams,* 22 M.J. 584 (A.C.M.R.1986).

We set aside the findings and sentence in *Castleman* on other grounds. 11 M.J. 562 (A.F.C.M.R.1981). Seven months after the United States Court of Military Appeals denied the petition for review in *Dunkin, supra,* that court issued its decision in *United States v. Grostefon, supra. Grostefon* directed, inter alia, that:

> ... when the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, as a minimum, invite the attention of the Court of Military Review to those issues and, in its decision, the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them.

*United States v. Grostefon, supra,* 436.

Two years later, in *United States v. Arroyo,* 17 M.J. 224 (C.M.A.1984), the Court of Military Appeals reemphasized appellate defense counsel's duty to bring the court of military review's attention to issues which his client wants raised on appeal and the court of military review's duty to consider those issues with an open mind. The thrust of *United States v. Mitchell,* 20 M.J. 350 (C.M.A.1985), was similar. *Grostefon, Arroyo,* and *Mitchell* all dealt with issues concerning various aspects of proceedings at trials. It does not appear from the case reports that the appellants were attempting to get the courts of military review to consider new evidence on appeal, nor did the Court of Military Appeals discuss the receipt of evidence outside the record of trial on appeal.

Does *Grostefon* mandate that courts of military review consider evidence outside the record of trial when it is personally proffered by the appellant for consideration on the appropriateness of the sentence? Apparently that question is now before the Court of Military Appeals for in *United States v. Healy,* 21 M.J. 300 (C.M. A.1985) that court granted review on the

issue of, "Whether *United States v. Castleman,* 10 M.J. 750 (A.F.C.M.R.1981), was overruled by *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982)?"

The Army Court of Military Review has addressed this specific question and has answered in the negative. *United States v. Brundidge, supra.* Said that court: "*Grostefon* contains no commands about what *evidence* this court may or may not consider; it addresses only the question of what *issues* shall be brought to our attention." *Id.,* 1030.

The legal basis for the *Castleman* and *Brundidge* holdings is a common and salutary legal concept in American appellate jurisprudence embodied in Article 66(c), Uniform Code of Military Justice (U.C.M.J.), 10 U.S.C. § 866(c). That is, courts of military review are "limited to consideration of matters included in the 'entire record'" of trial. *United States v. Castleman, supra.* This concept was specifically recognized and applied by the Court of Military Appeals in 1961 in *United States v. Fagnan,* 12 U.S.C.M.A. 192, 30 C.M.R. 192 (1961). Indeed that case is close in point to the case before us, for the court held that the board of review was correct in declining to consider a postrial psychiatric report on the appellant and a letter from the confinement officer on the appropriateness of the sentence. Of course, there are exceptions to general rule which are not applicable here. For instance, extrinsic evidence may be considered by a court of military review on the issue of adequacy of trial defense counsel. *United States v. Sadler,* 16 M.J. 982 (A.C. M.R.1983). Furthermore, facts outside the record may be considered by a court of military review to the extent that they support or counter the claim that a conviction was a nullity for lack of jurisdiction over the person. *United States v. Williams,* 18 M.J. 533 (A.F.C.M.R.1984).

The general rule is founded not only upon statute, but sound considerations of policy as well. The adversary procedures of trials, with their rules of evidence, are designed to facilitate close scrutiny of the evidence, and trial courts are deemed to be

the best forums to arrive at the truth. Courts of military review, being trial record reviewing appellate courts, do not have as many litigative tools to determine the truth of evidence. This is acknowledged in Article 66(c), U.C.M.J., which cautions courts of military review to recognize that the trial court saw and heard the witnesses. The fact is that in our jurisprudence courts of military review are not intended to conduct trials.

■ Of course, there are exceptional circumstances, two of which we have already referred, which justify departure from the general rule. We see, however, no compelling reason to carve out a new exception in this case. Many, if not most, of the events chronicled in the appellant's submission occurred before his trial and, accordingly could have been raised there. Furthermore, as we pointed out in *United States v. Castleman, supra,* 751, note 3, the appellant's letter, and or its substance, may be presented to the Judge Advocate General for clemency consideration in accordance with Article 74(a), U.C.M.J., 10 U.S.C. § 874(a), if appellate review affirms his sentence to a bad conduct discharge.

For the reasons cited above the motion is DENIED.

Senior Judge SESSOMS concurs.

LEWIS, Judge (dissenting):

I will accept for the sake of argument the premise that the submission on behalf of the appellant presents matters outside the record. I also accept appellate defense counsel's suggestion on the face of the motion that the submission bears on sentence appropriateness. I am willing to consider the material presented and accord it the weight I believe it merits. *Grostefon* contemplates a process that need not be encumbered by legal niceties. My quarrel has been with appellate counsel who present us with inadequately developed assignments of error, not with appellants who utilize the *Grostefon* mechanism to seek their day in appellate court. It is neither fair nor practical to hold them to the same standards which we attempt, not always successfully, to impose on counsel.

If Airman McCarthy wants us to consider his contention that he might have been medically processed out of the Air Force in a more expeditious manner and thereby have avoided the incidents that led to his court-martial, we should consider it.