# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Heinz D. BRIDGES
### Storekeeper Second Class (E-5), U.S. Coast Guard

## CGCMG 0169

## Docket No. 1147

## 8 July 2005

General Court-Martial convened by Commander, Eighth Coast Guard District. Tried at New Orleans, Louisiana, on 23 – 27 October 2000. Sentence rehearing held at Pensacola Naval Air Station (NAS), Florida, on 17 June 2003.

| | |
|---|---|
| Military Judge (Rehearing): | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel (Rehearing): | LCDR Christopher S. Keane, USCG |
| Assistant Trial Counsel (Rehearing): | LCDR Shannon N. Gilreath, USCG |
| Detailed Defense Counsel (Rehearing): | LT Matthew A. Williams, JAGC, USNR |
| Appellate Defense Counsel: | David P. Sheldon, Esquire |
| | Karen L. Hecker, Esquire[1] |
| | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL TEN
## BAUM, McCLELLAND[2], & FELICETTI
Appellate Military Judges

FELICETTI, Judge:

On 6 March 2003, this Court affirmed the findings of guilty and returned the record to the Convening Authority for a rehearing on the sentence. *United States v. Bridges,* 58 M.J. 540 (C.G.Ct.Crim.App. 2003). Appellant elected to be sentenced by

---

[1] Karen Hecker, with co-counsel, filed assignments of error and brief on behalf of Appellant; however, she later moved to withdraw as counsel of record. This Court granted that motion and ordered her removal as counsel of record.

[2] Judge McClelland did not participate in this decision.

military judge alone in accordance with an agreement with the Convening Authority for a limitation on the sentence. Although executed prior to the sentence rehearing and explained to Appellant at the rehearing by the military judge, all parties and the military judge referred to the document as a post-trial agreement. The military judge sentenced Appellant to a dishonorable discharge, sixteen years and six months confinement, and reduction to E-1. Pursuant to the post-trial agreement, the Convening Authority suspended all confinement in excess of twelve years for a period of twelve months from the date of his action. The Convening Authority also credited Appellant for his confinement at a civilian facility, the U.S. Disciplinary Barracks, and for pre-sentence hearing confinement at the NAS Pensacola Brig.

Before this Court, Appellant has assigned five errors.

> I. APPELLANT IS ENTITLED TO SENTENCE CREDIT DUE TO UNWARRANTED POST-REHEARING DELAY.
>
> II. APPELLANT WAS SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHILE IN POST-TRIAL CONFINEMENT AT THE OLD DISCIPLINARY BARRACKS.
>
> III. THE EVIDENCE IS FACTUALLY AND LEGALLY INSUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION.
>
> IV. THE MILITARY JUDGE ERRED BY PROHIBITING APPELLANT FROM PRESENTING EVIDENCE AT TRIAL THAT THE ALLEGED VICTIM IN THIS CASE HAD ENGAGED IN CERTAIN SEXUAL CONTACT WITH ANOTHER PERSON WHEN THAT SEXUAL CONTACT COULD HAVE CAUSED THE INJURIES TO THE ALLEGED VICTIM.
>
> V. CHARGES I AND III SHOULD HAVE BEEN DISMISSED FOR FAILING TO STATE AN OFFENSE.

The last four assignments of error were brought on behalf of Appellant under *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). Assignment I will be discussed

along with a combined discussion of assignments IV and V. Assignment II is rejected. This issue was litigated at the sentencing rehearing and the record fully supports the military judge's ruling. Assignment III is rejected, having been previously heard as a claim of factual insufficiency and resolved when this Court found that the evidence proved beyond a reasonable doubt the Appellant committed the offenses approved by the Convening Authority. *United States v. Bridges,* 58 M.J. 540, 543. Clearly, this Court could only have made this finding if the evidence was also legally sufficient.

### Facts

Appellant's rehearing on the sentence was held on 17 June 2003. The sentence rehearing record of trial numbered 270 pages with approximately 150 additional pages of exhibits. The original record of trial was over 1300 pages, not including a volume of exhibits.

The sentence rehearing record of trial was authenticated on 14 October 2003. The Staff Judge Advocate's Recommendation was prepared on 7 November 2003. The Convening Authority took action on 16 December 2003, nearly six months after the sentence was adjudged.

### Assignment I

Appellant alleges unwarranted post-rehearing delay at each stage of post-trial processing and requests this Court consider the delay in determining what sentence it approves in accordance with Article 66, UCMJ. Our higher Court has long recognized that an accused has a right to timely review of a court-martial's findings and sentence. *United States v. Tucker*, 9 USCMA 587, 589, 26 CMR 367, 369 (C.M.A. 1958). This right is not dependent upon a request from the accused to the convening authority for diligent post-trial processing. *United States v. Bodkins,* 60 M.J. 322, 323-324 (C.A.A.F. 2004). Upon finding unreasonable and unexplained post-trial delay, this Court may consider such delay, along with all the other facts and circumstances reflected in the record, in exercising our responsibilities under Article 66(c), UCMJ. *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We may craft an appropriate remedy, when

warranted, whether or not the delay has materially prejudiced the appellant's substantial rights. *Tardif*, 57 M.J. at 224-225.

In this case, however, the nearly six month interval between the sentence rehearing and Convening Authority action, while lengthy, is adequately explained by the record. The transcript had to be returned for correction to the commercial court reporting service causing a nineteen day delay. The military judge was on leave for two weeks when the record of trial arrived and additional factors, detailed in a letter to the Staff Judge Advocate, reasonably delayed authentication. The Staff Judge Advocate who advised the Convening Authority was not involved in the original trial and, therefore, reviewed both the original and re-sentencing records of trial before preparing his recommendation under Rule for Courts-Martial 1106, Manual for Courts-Martial, United States, (2002 ed.). Finally, a new Convening Authority had assumed command since the original trial and also needed to familiarize himself with the case.

The post-trial processing time in this case was neither unreasonable nor unexplained. We, therefore, find no merit to the assignment.

### Assignments IV and V

Assignments IV and V seek to supplement Appellant's original appeal when his case was referred to this Court on 1 May 2001. Assignment IV alleges an evidentiary error at his October, 2000 trial while Assignment V appeals the denial of a defense motion made at the same trial. Neither concern the sentence rehearing held in June 2003. Both assignments were brought on behalf of Appellant under *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

Neither assignment has merit. There is a second reason, moreover, to reject these assignments. Appellant's rights under *Grostefon* provide no special basis for his noncompliance with the rules of this Court. *United States v. Sumpter,* 22 M.J. 33 (C.M.A 1986); *United States v. Mitchell,* 20 M.J. 350, 351 (C.M.A 1985). Appellant's deadline for filing assignments of error and briefs based on the original trial expired several years

ago, after four extensions to facilitate *Grostefon* submissions. *See* Courts of Criminal Appeals, Rules of Practice and Procedure, 44 M.J. LXIII, LXIX, Rule 15 (1 May 1996). In total, Appellant had over nine months to file materials in this first review. His deadline for reconsideration of this Court's earlier decision expired in April 2003. *Id.* at LXXI, Rule 19.

Appellant has not asserted, or even suggested, any cause for failing to raise assignments IV and V in his earlier *Grostefon* submissions. The record does not reveal any good cause to waive the Rules of Practice and Procedure or show any manifest injustice to be cured. We, therefore, decline to suspend Appellant's original filing deadline, as modified by the four previous extensions. *Id.* at LXXV, Rule 25. While this Court liberally grants time extensions to ensure each service member receives a full and fair consideration of his or her case, the Rules of Practice and Procedure are more than a suggested timeline. Good cause is required to suspend a several year old filing deadline, especially given the procedural posture of this case. *See generally, United States v. Claxton,* 34 M.J. 1112 (C.G.C.M.R. 1992).

## Decision

The affirmed findings of guilty from our first decision have not been reviewed and stand as the decision of this Court. After reviewing the record with respect to the sentence in accordance with Article 66, UCMJ, the sentence as approved and partially suspended after the sentence rehearing is determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the sentence as approved and partially suspended below is affirmed.

Chief Judge BAUM concurs.



For the Court,


Roy Shannon Jr.
Clerk of the Court