UNITED STATES, Appellee,

v.

David B. GROCE, Private, U. S. Army, Appellant.

No. 32,607.
SPCM 10982.

U. S. Court of Military Appeals.

Sept. 12, 1977.

*Captain Richard E. Schmidt* argued the cause for appellant, accused. With him on the brief were *Colonel Alton H. Harvey, Lieutenant Colonel John R. Thornock, Captain Robert D. Jones, Captain John M. Nolan,* and *Captain Sammy S. Knight.*

*Captain Lee D. Schinasi* argued the cause for appellee, United States. With him on the brief were *Colonel Thomas H. Davis* and *Major John T. Sherwood, Jr.*

Opinion of the Court

FLETCHER, Chief Judge:

This case warrants reversal. During his instructions to the court members regarding findings, the military judge hesitated mid-sentence to say to the jury ". . . would one of you nudge Colonel Rabin there." Subsequently, the following notation was made in the authenticated record: "(Lieutenant Colonel Carlson nudged Lieutenant Colonel Rabin to wake him up.)" However, no motion for a mistrial nor objection was made by the defense counsel. Subsequent to trial, the defense counsel asserted in an affidavit that the juror was sleeping while the military judge was giving his instructions.

Appellate defense counsel's copy of the record of trial, which was authenticated on November 19, 1974, contains the notation set forth and the signature of the military judge. The original record of trial, however, contains no such notation while likewise signed by the authenticator. The obvious discrepancy was explained by the court reporter in the following words from a post-trial affidavit:

In the record of trial, I made a notation which read, ". . . (LTC Carlson nudged LTC Rabin to wake him up)." The military judge, when reading the record, told me to delete the words, "to wake him up", as I am not in a position to say that he was sleeping. I agreed with him on that and deleted the words, "to wake him up", along with making the other usual corrections in the record of trial. At the time when I was making the corrections, one of the copies of the record of trial was in the hands of the lawyer who was doing the review. I did not get a hold of that copy, and therefore failed to make the corrections in that copy. The original and its three other copies were corrected appropriately.

We must reiterate the rule requiring absolute verity and reliability of records and judgments of the trial court. *United States v. Galloway*, 2 U.S.C.M.A. 433, 9 C.M.R. 63 (1953). The direction of the military judge to alter the authenticated record without notice to the defense counsel was improper and an injury to the integrity of the military justice system. This action, except for the fortuitous survival of an unaltered copy of the record, would have deprived appellant and this Court of an informed review of the court member's behavior. Those charged with authentication must recognize their extremely important responsibilities. *See United States v. Cruz-Rijos*, 24 U.S.C.M.A. 271, 51 C.M.R. 723, 1 M.J. 429 (1976). In the words of Senior Judge Ferguson, "If we cannot be sure the records before us are authentic, our review is meaningless . . ." *United States v. Harris*, 21 U.S.C.M.A. 123, 130, 44 C.M.R. 177, 184 (1971). We will not allow any situation which raises such doubts.

We agree with the appellate defense counsel that it is the obligation of the court member to be both attentive and dignified.[1] In commenting on the trial proceedings, the Army Court of Military Review observed "[t]hat the court member involved may have been inattentive to some extent can be inferred from the military judge's action in directing that he, the court member, be nudged." We believe that the facts of this case demonstrate, at the very least, inattentiveness.

Unfortunately, the apparent inattention of the court member transpired during a vital stage of the proceedings, i. e., the military judge's instructions on findings. Not only must the military judge instruct court members, but failure to instruct is error as a matter of law. *United States v. Buchana*, 19 U.S.C.M.A. 394, 41 C.M.R. 394 (1970); *United States v. Lucas*, 1 U.S.C.M.A. 19, 1 C.M.R. 19 (1951). The duties of the military judge in instruction of members are multiple: to aid understanding of terms of art;[2] to instruct on

1. Paragraph 41*b*, Manual for Courts-Martial, United States, 1969 (Revised edition).

2. Paragraph 73*a*, MCM, 1969 (Rev.).

elements of offense,[3] defenses,[4] and corroboration;[5] to tailor instructions to fit circumstances of the offense charged;[6] and to insure that instructions are consistent.[7]

■ Concomitant with these judicial duties of proper instruction are the duties of the fact finder to attentively embrace and employ the legal guidelines received from the military judge. The most perfect instructions are inconsequential if they fall upon inattentive ears. Uninformed court members cannot be allowed to circumvent the right of an accused to a fair trial.

■ We are aware of the necessity for prudent defense counsel action upon notice of a juror's inattentiveness. While defense counsel may not sew a defect into the proceedings by failure to bring the inattentiveness to the court's attention,[8] we have long held he need not risk offending a court member in order to preserve error for appellate review. *United States v. Smith*, 6 U.S.C.M.A. 521, 20 C.M.R. 237 (1955). But here, in point of fact, the military judge's action manifested the court's cognizance of the member's inattention.

■ We do not view the defense counsel's failure in this situation to, in an Article 39(a)[9] session, move for mistrial, challenge the inattentive member, or request a reiteration of the instructions as a waiver of the error. Defense failure to object at trial does not waive a denial of a fair trial or a violation of due process of law. *United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954). Indeed, it is the duty of the military judge to guarantee that the trial is conducted fairly. *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1

M.J. 50 (1975). Here, notwithstanding evidence of a juror's inattention during the essential instructions on findings, the military judge failed to take remedial action to cure the error. For this reason we must reverse. Because of this disposition, we do not address assignment of error IV of appellate defense counsel.[10]

The decision of the U.S. Army Court of Military Review is reversed, and the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

PERRY, Judge (concurring):

I wholly agree with the strong exhortation of Chief Judge Fletcher that the system must be assured of an accurate, authentic, and reliable record of the trial proceedings. However, I do not share his conclusion that this record was rendered a document measuring short of this requisite standard by the action of the trial judge in directing his court reporter to delete from the record the *reporter's conclusion* that the nudge was "to awake him [the member] up." As implied by his title, the duty of the court reporter is to *report* what transpires, not to *interpret* it. I believe the judge acted correctly within his province, in light of *his* ultimate responsibility to assure a true and accurate factual report of the proceedings.

In all other respects, I concur in the Chief Judge's opinion.

3. *United States v. Clay*, 1 U.S.C.M.A. 74, 1 C.M.R. 74 (1951).

4. *United States v. Martinez*, 20 U.S.C.M.A. 228, 43 C.M.R. 68 (1970).

5. *United States v. Shider*, 20 U.S.C.M.A. 347, 43 C.M.R. 187 (1971).

6. *United States v. McAlister*, 18 U.S.C.M.A. 532, 40 C.M.R. 244 (1969).

7. *United States v. Harrison*, 19 U.S.C.M.A. 179, 41 C.M.R. 179 (1970).

8. *United States v. Curry*, 471 F.2d 419 (5th Cir. 1973), *cert. denied*, 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973); *United States v. Carter*, 433 F.2d 874 (10th Cir. 1970).

9. Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a).

10. Assigned errors I and II dealt with the separate facets of the problem we discussed in the text. Assigned error IV concerned a defense to the charge of failure to repair which may be considered by the parties in the event of a rehearing.

COOK, Judge (dissenting):

The sleeping juror is not a new phenomenon in the trial of a case; and there are proper ways to meet the situation when confronted with it. The general rule is summarized as follows:

> While such matter may be a ground for a new trial where the objection was promptly raised and prejudice is shown, the fact that a juror was asleep in the jury box during a portion of the trial is not alone ground for a new trial, especially where accused has knowledge of the fact and fails to object at the time, or where it appears that accused was not prejudiced. The length of time during which the juror slept and the importance of the evidence, if any, which was taken during this period, may be considered on the motion for a new trial. The mere fact that a juror became drowsy for a short time is not of itself ground for a new trial. The same has been held of a juror's failure to hear and understand part of the evidence.

24 C.J.S. *Criminal Law* § 1449(8) (1961) (footnotes omitted). *See also United States v. Koleske*, 24 C.M.R. 652 (A.F.B.R.1957), *petition denied*, 24 C.M.R. 311 (1957); *Early v. United States*, 309 F.Supp. 421 (D.Kan. 1969).

On this record I am convinced that the defense's failure to express its dissatisfaction with the juror at trial precludes the accused from now raising the issue especially as, in my opinion, the possibility of prejudice is virtually nonexistent since throughout his instructions the trial judge constantly paused to determine whether any member had a question about that part of the instructions immediately preceding the pause.

I agree with Judge Perry that the record was not altered. What was done was that the reporter interjected his own interpretation of the reason for the trial judge's remark. As the trial judge is responsible for the verity of the record, I believe his direction to the reporter to delete his note was justified. The authenticated record, therefore, stands unimpeached.

I have considered the other allegations of error, including the claim of the sufficiency of the evidence of the findings of guilty of specification 1, Charge I, and I believe there is no ground for disapproval of the decision of the Court of Military Review.