UNITED STATES

v.

Airman First Class Lisa M. BISHOP,
FR 492–80–2460, United States
Air Force.

ACM 24679.

U.S. Air Force Court of Military Review.

Sentence Adjudged 13 Sept. 1983.

Decided 16 Oct. 1985.

Appellate Counsel for the Accused: David R. Juarez, Westminster, Colorado; Lieutenant Colonel Patrick C. Sweeney; and Captain Bruce T. Brown.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., and Major Robert E. Ferencik, Jr.

Before FORAY, MURDOCK and O'HAIR, Appellate Military Judges.

## DECISION

MURDOCK, Judge:

A general court-martial convicted the appellant, contrary to her pleas, of attempted possession of cocaine, communicating a threat, and indecent assault. The court sentenced her to a bad conduct discharge, confinement at hard labor for three months, total forfeitures, and reduction to airman basic. On appeal, she alleges a number of errors were committed in the trial and post-trial handling of her case. We agree that she was denied a fair trial when one of the court members apparently fell asleep during instructions on findings. Accordingly, we set aside the findings of guilty and the sentence. Because of our disposition of this case, we need not discuss her other allegations.

Sometime after the trial, the individual defense counsel notified the convening authority that one of the court members was asleep when the military judge gave portions of the instructions on findings. The convening authority ordered a *DuBay*[1] hearing into the allegations. A military judge, but not the original trial judge, conducted the hearing.

The hearing judge found that the court member had been "nodding, inattentive, and gave the impression of being asleep." He also found that the individual defense counsel was aware of the inattentiveness and did not take any action to bring the situation to the trial judge's attention. The hearing judge stated, "From the counsel's inaction, it is clear that he made a conscious trial tactic decision to not bring the matter to the trial judge's attention for resolution." The hearing judge concluded that the defense counsel's failure to make a

timely objection waived the error. We disagree with his conclusion.

In his brief submitted to the hearing officer, the government representative discussed the issue of who was responsible for failing to awaken the court member and analyzed the leading Court of Military Appeals case on this issue, *United States v. Groce*, 3 M.J. 369 (C.M.A.1977). In that case, the Court reversed an appellant's conviction where the military judge was aware that a court member had been asleep during findings instructions. The brief inaccurately states that the military judge took no action to "cure the defect." Actually, the judge directed another court member to "nudge" the sleeping court member. The issue on appeal was primarily how that action should be reflected in the record of trial.

The government representative then analyzed two civilian and one military case where the appellate courts refused to overturn convictions where there were allegations of sleeping jurors. All these cases differ significantly from the present case. In *United States v. Curry*, 471 F.2d 419 (5th Cir.1973), the appellate court took no remedial action where the defense noticed the juror asleep while a certain witness was testifying, but he first notified the trial judge of the sleeping juror after the witness' testimony was complete. The judge ruled that the request for mistrial was untimely. On a subsequent occasion in the trial, the defense counsel alleged the juror had been asleep, but the trial judge disagreed. He said he had watched the juror and he was awake. In *United States v. Carter*, 433 F.2d 874 (10th Cir.1970), the appellate court held it was a responsibility of the defense counsel to call the inattentiveness of a juror to the judge's attention and failure to do so was a waiver. In *United States v. Robertson*, 7 M.J. 507 (A.C.M.R.1979), the Army Court of Military Review found a waiver where the first mention of a sleeping court member was in a supplementary assignment of error on appeal.

1. *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

The government representative ended by stating there was no evidence that the military judge in the present case was aware of the inattentive court member and failure of the defense counsel to bring the situation to the military judge's attention was a waiver.

This search for responsibility continued in the hearing judge's finding of fact where he stated:

3. Based on the configuration of the Lowry AFB courtroom and the location of the judge's bench, the military judge would have been unable to see this court member. The judge's view of where Capt Varner sat is blocked by a concrete post.

The hearing judge concluded that since the military judge could not see the court member and the defense counsel could, the matter was waived by the defense counsel's silence.

 This analysis misses the point. The military judge is ultimately responsible for insuring the accused receives a fair trial. *United States v. Graves,* 23 U.S.C. M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975), cited in *United States v. Groce, supra.* Military judges cannot properly discharge their responsibilities when they cannot even see some of the court participants. It is not good enough to say there was a concrete post in the way. Many Air Force courtrooms have posts in them. When such an obstruction does exist, the military judge should direct that all the participants be rearranged so that all can see and be seen. Anything less invites inattention and surrenders the military judge's control of the proceeding.

The Staff Judge Advocate's Review adopted the hearing judge's position that the defense counsel had waived the error by not objecting at trial, and recommended that the convening authority take no further corrective action. The defense counsel objected to this analysis and recommendation in his *Goode*[2] response. The con-

vening authority approved the findings and sentence as adjudged.

 We disagree with this cavalier attitude toward an appellant's rights to a fair trial. The critical issue is not who was responsible, but whether the appellant had a fair trial. When we find, as we have in this case, that an appellant has not had a fair trial, then some remedy is required regardless of who is to blame for the error. Discussing a defense failure to object to an inattentive court member, the United States Court of Military Appeals stated: "[d]efense failure to object at trial does not waive a denial of a fair trial or a violation of due process of law." *United States v. Stringer,* 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954), cited in *United States v. Groce, supra.*

Properly informed court members are essential to a fair trial. We accept that not all instances of inattentive court members require appellate attention. However, attention during instructions is crucial. All court members must receive proper instructions at the appropriate stages of the trial. R.C.M. 920 requires the military judge to give instructions on findings after arguments by counsel and before the members close to deliberate on findings. This requirement for instruction would be meaningless if the military judge were only required to give instructions to some of the court members. The whole idea behind instructions is a recognition of how important it is for all court members to receive uniform guidance on the law and procedures necessary to perform their duties properly. In *Groce,* the Court of Military Appeals said "the most perfect instructions are inconsequential if they fall upon inattentive ears. Uninformed court members cannot be allowed to circumvent the right of an accused to a fair trial."[3]

As the government representative at the post-trial hearing correctly noted, some civilian courts have refused to correct problems created by a sleeping juror whose inattentiveness was known to the defense

---

**2.** *United States v. Goode,* 1 M.J. 3 (C.M.A.1975).

**3.** *Groce,* 3 M.J. at 371.

counsel but was not brought to the judge's attention immediately. In *Groce* the Court of Military Appeals made it clear that those holdings did not apply in court-martial. They said:

> We are aware of the necessity for prudent defense counsel action upon notice of a juror's inattentiveness. While defense counsel may not sew a defect into the proceedings by failure to bring the inattentiveness to the court's attention, [citations omitted] we have long held he need not risk offending a court member in order to preserve error for appellate review. *United States v. Smith*, 6 U.S.C.M.A. 521, 20 C.M.R. 237 (1955)....

> We do not view the defense counsel's failure in this situation to, in an Article 39(a) [citation omitted] session, move for a mistrial, challenge the inattentive member, or request a reiteration of the instructions as a waiver of the error. Defense failure to object at trial does not waive a denial of a fair trial or a violation of due process of law. *United States v. Stringer*, 4 U.S.C.M.A. 494, 16 C.M.R. 68 (1954). Indeed, it is the duty of the military judge to guarantee that the trial is conducted fairly. *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).[4]

■ We hold that the appellant was denied a fair trial when a court member fell asleep during instructions on findings. This error was not waived by the defense counsel's silence.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

FORAY, Senior Judge, and O'HAIR, Judge, concur.

---

**UNITED STATES**

**v.**

**Airman First Class David W. FIELDER, FR 230–06–5887, United States Air Force.**

**ACM 24865.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 30 April 1985.

Decided 18 Oct. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before FORAY, MURDOCK, and O'HAIR, Appellate Military Judges.

---

4. *Groce*, 3 M.J. at 371.