UNITED STATES, Appellee,

v.

Sergeant Chaske FRIERSON,
076–48–0912, United States
Army, Appellant.

ACMR 8600367.

U.S. Army Court of Military Review.

24 April 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Jerry W. Peace, JAGC, Captain Keith W. Sickendick, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Tarek Sawi, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Contrary to his pleas, a special court-martial composed of officer and enlisted members found appellant guilty of wrongful sale of military property in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908 (1982). He was sentenced to a bad-conduct discharge, forfeiture of $426.00 pay per month for six months and reduction to Private E–1. The convening authority approved the sentence.

Appellant alleges that he was denied a fair trial because one or more of the members of his court-martial either fell asleep or were inattentive. We disagree. A careful review of the record of trial fails to disclose any indication that any court members were either inattentive or asleep. On appeal, appellant requested this court to admit three appellate exhibits. Two of the offered exhibits, one from appellant and one from appellant's wife, indicate that members appeared to be either inattentive or asleep. The other offered exhibit is from appellant's guard and "bailiff" at trial. That document indicates merely that some "jury" members were not paying as much attention as others, that a lieutenant was looking down at the floor both at the beginning and at the end of trial, that some members had a "glazed" look and that a captain appeared to be "uncomfortable." We rejected those exhibits. *See generally United States v. Bethea,* 46 C.M.R. 223 (C.M.A.1973); *United States v. Lansford,* 20 C.M.R. 87 (C.M.A.1955); *United States v. Williams,* 22 M.J. 584 (A.C.M.R.1986); *United States v. Brundidge,* 20 M.J. 1028 (A.C.M.R.1985); *United States v. Perry,* 33 C.M.R. 568 (A.B.R.1963). We find, however, that the affidavits are unnecessary for the disposition of this case.

Appellant relies on *United States v. Groce,* 3 M.J. 369 (C.M.A.1977). In *Groce,* during instructions before findings, the military judge hesitated in mid-sentence and asked a court member to nudge another court member. The Court noted in *Groce* that notwithstanding evidence of the juror's inattention during essential instructions on findings, the military judge failed to take remedial action. *Groce,* 3 M.J. at 371.

We believe the case before us is more akin to *United States v. Robertson,* 7 M.J.

507 (A.C.M.R.), *petition denied* 7 M.J. 137 (C.M.A.1979). In *Robertson,* appellant alleged for the first time on appeal denial of due process and a fair trial because of inattentiveness of a member. In that case appellant also submitted his affidavit and an affidavit of his guard. The record was devoid of any evidence of the member's inattentiveness. In *Robertson,* the court found it highly unlikely that the incident would not have been noted by others at the trial. The court held that it is the responsibility of the accused to bring the matter to the attention of his counsel in order that the presiding judge may be made aware of the situation and that appellant's failure to give timely notice constituted waiver of the alleged error. *Robertson,* 7 M.J. at 510–11. The court noted that, "An appellant or his trial defense counsel may not sew a defect into the proceedings by failure to bring inattentiveness of a court member to the trial judge's attention." *Robertson,* 7 M.J. at 510–11 n. 3 citing *United States v. Groce,* 3 M.J. 369, 371 (C.M.A.1977); *cf. United States v. Hester,* 489 F.2d 48 (8th Cir.1973); *United States v. Curry,* 471 F.2d 419 (5th Cir.1973), *cert. denied,* 411 U.S. 967, 93 S.Ct. 2150, 36 L.Ed.2d 688 (1973); *United States v. Carter,* 433 F.2d 874 (10th Cir.1970).

In the case *sub judice* the record is devoid of evidence of sleeping or inattentive members. As in *Robertson,* we find it highly unlikely that the court members could be either so inattentive as alleged or asleep without the matter coming to the attention of the military judge. We also note that the incident was not raised in the post trial submission of appellant, having been raised for the first time on appeal. As this court noted in *Robertson,* had appellant told his trial defense counsel of this alleged incident, his notice would have constituted some evidence upon which the trial court and this court could have appraised the claim of denial of a fair trial. Under the circumstances of this case we find appellant waived the alleged error. As in *Robertson,* we find that the waiver did not result in a manifest miscarriage of justice or otherwise affect the fairness, integrity, or public reputation of the judicial proceedings. We have considered the remaining errors personally asserted by the appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge PAULEY and Judge KENNETT concur.