UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4105

ROBERT JACKSON WYATT, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-01-121-CCB)

Argued: October 31, 2002

Decided: March 28, 2003

Before WILKINS, Chief Judge, Frank J. MAGILL, Senior Circuit
Judge of the United States Court of Appeals for the Eighth Circuit,
sitting by designation, and Robert E. PAYNE, United States
District Judge for the Eastern District of Virginia, sitting by
designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Melissa Maynard Moore, FEDERAL PUBLIC DEFEND-
ER'S OFFICE, Baltimore, Maryland, for Appellant. Jonathan Paul
Luna, Assistant United States Attorney, Baltimore, Maryland, for
Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Beth

M. Farber, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert Wyatt was convicted of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2000), a provision of the Child Pornography Prevention Act ("CPPA"). Wyatt appeals his conviction on three grounds. Wyatt claims (1) the district court should have dismissed the indictment because *Ashcroft v. Free Speech Coalition*, 122 S. Ct. 1389 (2002), renders § 2252A(a)(5)(B) unconstitutional; (2) section 2252A(a)(5)(B) violates Congress's authority under the Commerce Clause; and (3) the district court erred in denying the motion to suppress evidence because there was no probable cause for issuance of the search warrant.

Our jurisdiction is proper pursuant to 28 U.S.C. § 1291 (2000). For the following reasons, we affirm Wyatt's conviction.

I.

Wyatt first contends that *Free Speech Coalition* renders § 2252A(a)(5)(B) unconstitutional. *Free Speech Coalition* invalidated §§ 2256(8)(B) and 2256(8)(D) of the CPPA, provisions that extended the definition of child pornography to include virtual images, or any image which "appears to be" of a minor, 18 U.S.C. § 2256(8)(B) (2000), or "conveys the impression that the material is or contains a visual depiction of a minor," *id.* § 2256(8)(D). *Free Speech Coalition*, 122 S. Ct. at 1405-06. The Court in *Free Speech Coalition* found that these sections were overbroad, in violation of the First Amendment.

*Id.* No other provisions of the CPPA were invalidated. In fact, throughout the opinion, the Supreme Court expressly limited its holding to these two provisions because they bring virtual images within the purview of the CPPA. *Id.* at 1397, 1405-06.

Other circuits have agreed that *Free Speech Coalition* invalidated only the criminalization of virtual pornography. *See United States v. Kelly*, 2002 WL 31911037 (7th Cir. 2002) (finding that *Free Speech Coalition* relates only to the portion of the CPPA that defines child pornography to include virtual images and concluding that the other sections of the CPPA can be severed and left intact); *United States v. Hersh*, 297 F.3d 1233, 1254 n.31 (11th Cir. 2002) (noting that *Free Speech Coalition* applies only to virtual images). Wyatt was convicted under § 2252A(a)(5)(B) of the CPPA, a section unaltered by *Free Speech Coalition*. Therefore, the district court did not err in refusing to dismiss the indictment.

## II.

Next, Wyatt argues that § 2252A(a)(5)(B) exceeds Congress's authority under the Commerce Clause because such possession of child pornography does not necessarily affect interstate commerce. However, it is well settled that Congress may regulate even purely intrastate activity where those activities substantially affect interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558-59 (1995) (identifying "activities that substantially affect interstate commerce" as one of three broad categories of activity that Congress may regulate under its commerce power) (citing *Maryland v. Wirtz*, 392 U.S. 183, 196 n.27 (1968)). In addition, § 2252A(a)(5)(B) regulates only knowing possession of child pornography that has been "mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer" or production of child pornography using materials that have been "mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." These jurisdictional elements limit the application of § 2252A(a)(5)(B) to cases where there is a sufficient nexus to interstate commerce.

For these reasons, § 2252A(a)(5)(B) is not an unconstitutional exercise of congressional authority.

## III.

Finally, Wyatt argues that the district erred in denying his motion to suppress evidence because there was no probable cause for the issuance of the search warrant. Our review of the record indicates that there was sufficient evidence to establish probable cause for the issuance of the warrant. Therefore, we find that the district court did not err in denying the motion to suppress.

## IV.

For the foregoing reasons, we affirm Wyatt's conviction.

*AFFIRMED*