UNITED STATES, Appellee

v.

Charles J. WOLFORD, Sergeant
U.S. Army, Appellant

No. 04-0578

Crim. App. No. 20001042

United States Court of Appeals for the Armed Forces

Argued November 1, 2005

Decided March 8, 2006

ERDMANN, J., delivered the opinion of the court, in which
GIERKE, C.J., and CRAWFORD and EFFRON, JJ., joined.  BAKER, J.,
filed a separate opinion concurring in the result.

Counsel

For Appellant:  Captain Todd N. George (argued); Colonel Mark
Cremin, Lieutenant Colonel Mark Tellitocci, Major Sean S. Park
and Captain Michael L. Kanabrocki (on brief); Colonel John T.
Phelps II.

For Appellee:  Captain Edward E. Wiggers (argued); Major William
J. Nelson (on brief); Colonel Steven T. Salata; Lieutenant
Colonel Theresa Gallagher; Captain Mark J. Hamel.

Military Judge:  Robert L. Swann

**This opinion is subject to revision before final publication.**

United States v. Wolford, No. 04-0578/AR

Judge ERDMANN delivered the opinion of the court.

Sergeant Charles J. Wolford entered a plea of not guilty to sending, receiving, reproducing and possessing child pornography in violation of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000), charged under clause 3 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000). Wolford was convicted by a special court-martial comprised of members and was sentenced to be discharged from the Army with a bad-conduct discharge. The convening authority approved the sentence and the findings and sentence were affirmed by the United States Army Court of Criminal Appeals in an unpublished opinion. United States v. Wolford, No. ARMY 20001042 (A. Ct. Crim. App. Apr. 27, 2004).

A military judge is obligated to "assure that the accused receives a fair trial." United States v. Graves, 1 M.J. 50, 53 (C.M.A. 1975). This obligation includes the duty to "provide appropriate legal guidelines to assist the jury in its deliberations. . . ." United States v. McGee, 1 M.J. 193, 195 (C.M.A. 1975) (citation omitted). Failure to provide correct and complete instructions to the panel before deliberations begin may amount to a denial of due process. United States v. Jackson, 6 M.J. 116, 117 (C.M.A. 1979).

We granted review in this case to determine whether the panel was provided with appropriate and constitutionally correct

2

instructions concerning the definition of the term "child pornography."  We also considered whether the evidence was legally sufficient to support Wolford's conviction on child pornography charges.[1]  We find that the military judge's instructions did not deprive Wolford of due process and a fair trial.  We also find that images alone can constitute legally sufficient evidence as to whether an actual child was used to produce child pornography.

### BACKGROUND

From August 1999 to May 2000, Wolford used a Microsoft Hotmail account to exchange child pornography with individuals he met through the Internet.  One of his emails was discovered by a woman who contacted the Harris County Sheriff's Office. The police, believing that there might be a federal offense involved, then contacted the U.S. Customs Service, which shares jurisdiction over CPPA investigations with the Federal Bureau of

---

[1] We granted review of the following issues:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED IN SUMMARILY AFFIRMING APPELLANT'S CONVICTION UNDER THE CHILD PORNOGRAPHY [PREVENTION] ACT (CPPA) 18 U.S.C. § 2251 et seq. (2000) DESPITE THE PRESENTATION OF UNCONSTITUTIONALLY OVERBROAD INSTRUCTIONS TO THE PANEL THAT, WHEN COUPLED WITH THE EVIDENCE IN THE RECORD, PERMITTED THE PANEL TO CONVICT APPELLANT ON BOTH A CONSTITUTIONAL AND UNCONSTITUTIONAL BASIS.

WHETHER APPELLANT'S CONVICTION UNDER THE CPPA IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE WHERE NO EVIDENCE WAS INTRODUCED AT TRIAL THAT THE DEPICTIONS WERE, IN FACT, PRODUCED BY USING REAL CHILDREN AS REQUIRED BY UNITED STATES v. O'CONNOR, 58 M.J. 450 (C.A.A.F. 2003).

Investigation and the U.S. Postal Service.  The Customs Service
identified Wolford with the help of Microsoft and Wolford's
Internet service provider.  Customs then turned the case over to
the Army's Criminal Investigation Division (CID).

CID interviewed Wolford, and he admitted to receiving,
viewing, sending and saving approximately 100 images of child
pornography.  Wolford later argued that his confession was
coerced and his case went to trial on his plea of not guilty.
At trial, various witnesses testified about how Wolford was
identified, where the images were found on his computer and how
old the girls in the pictures appeared to be based on their
sexual maturity.

## DISCUSSION

### I.   Standard of Review

Defense counsel did not object to the military judge's
instructions at the time of trial.  Even so, "[t]his [c]ourt has
determined that waiver must be established by 'affirmative
action of the accused's counsel,' and not by 'a mere failure to
object to erroneous instructions . . . .'"  United States v.
Smith, 50 M.J. 451, 455-56 (C.A.A.F. 1999) (quoting United
States v. Mundy, 2 C.M.A. 500, 502, 9 C.M.R. 130, 132 (1953))
(emphasis in original).  Accordingly, we review Wolford's
instructional claims de novo.  Id. at 455.  If instructional
error is found, because there are constitutional dimensions at

4

play, Wolford's claims "must be tested for prejudice under the standard of harmless beyond a reasonable doubt." United States v. Kreutzer, 61 M.J. 293, 298 (C.A.A.F. 2005). "The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is 'whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence.'" Id. (quoting United States v. Kaiser, 58 M.J. 146, 149 (C.A.A.F. 2003)).

With respect to Wolford's legal sufficiency claim, our test is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." United States v. Turner, 25 M.J. 324, 324 (C.M.A. 1987) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

II.  Military Judge's Instructions

Article 51(c), UCMJ, 10 U.S.C. § 851(c) (2000), and Rule for Courts-Martial (R.C.M.) 920 require the military judge to instruct the members of the court prior to any deliberations on findings. The military judge's instructions are considered a "vital stage" of any court-martial. United States v. Groce, 3 M.J. 369, 370 (C.M.A. 1977). As we stated above, "[t]he trial judge's obligation to provide appropriate legal guidelines to assist the jury in its deliberations [is] an essential ingredient of a fair trial." McGee, 1 M.J. at 195; Graves, 1

5

M.J. at 53. The military judge's instructions are intended to aid the members in the understanding of terms of art, to instruct the members on the elements of each offense and to explain any available defenses. Graves, 1 M.J. at 53; see also Groce, 3 M.J. at 370-71.

Wolford has made three arguments concerning the military judge's instructions. He argued in his brief that the military judge erred by: (1) using the following introductory language of 18 U.S.C. § 2256(8) in the instructions -- "any visual depiction, including . . . [a] computer generated image"; and (2) using the "conveys the impression" language of § 2256(8)(D) in the affirmative defense instruction. At oral argument, Wolford made no reference to the introductory language argument and conceded that the affirmative defense instruction was not problematic in the defense's eyes. He focused instead on the new argument that even though the military judge omitted the "conveys the impression" phase from the § 2256(8)(D) definition, the remaining language in the subsection is unconstitutional.

The military judge gave the following instruction defining "child pornography":

> Child pornography means any visual depiction, including any photograph, film, video, picture or computer generated image or picture, whether made or produced by electronic, mechanical or other means of sexually explicit conduct where[:]

[(A)]  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct, or

[(B)]  such visual depiction is of a minor engaging in sexually explicit conduct, or

[(C)]  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct, or

[(D)]  such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.  The words child or minor mean any person under the age of 18 years.

At the time of this trial in 2000, the term "child pornography" was defined in 18 U.S.C. § 2256(8) (amended 2003) as:

any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where --

(A)  the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

(B)  such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct;

(C)  such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct; or

(D)  such visual depiction is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.

7

United States v. Wolford, No. 04-0578/AR

In <u>United States v. O'Connor</u>, we noted that the Supreme Court in <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234, 256, 258 (2002), "determined that certain portions of the § 2256(8) definition are unconstitutional, specifically the 'or appears to be' language of § 2256(8)(B), and the entirety of § 2256(8)(D)." 58 M.J. 450, 452 (C.A.A.F. 2003).  We will address each of Wolford's arguments in turn.

A.    <u>Introductory Language of 18 U.S.C. § 2256(8)</u>

Wolford's first argument is that the military judge's use of the introductory language "any visual depiction, including . . . [a] computer generated image," from § 2256(8) was unconstitutional.  The Supreme Court did not address this introductory language in <u>Free Speech Coalition</u> and instead focused on the language in 18 U.S.C. § 2256(8)(B) and (D).  535 U.S. at 241-42.

In <u>O'Connor</u>, we noted that the language from § 2256(8) that was not considered by the Supreme Court "remains subject to criminal sanction."  58 M.J. at 452 n.2.  Wolford complains that the reference to "computer generated image" is unconstitutional based on the Supreme Court's treatment of § 2256(8)(B) and (D).  However the Supreme Court left intact § 2256(8)(C) which prohibits computer morphing and therefore some types of "computer generated images" are not constitutionally protected.

8

United States v. Wolford, No. 04-0578/AR

Thus, it was not error for the military judge to use the introductory language of § 2256(8) in his instructions.

    B.    <u>Affirmative Defense Instruction</u>

Wolford next argues that the military judge erred by using unconstitutional language in his affirmative defense instructions. During a session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000), the military judge consulted with defense counsel before instructing the members and specifically asked about the need for affirmative defense instructions. Defense counsel told the military judge that the defense did not see the need for any affirmative defense instructions. Despite this response from defense counsel, the military judge included an affirmative defense instruction based on 18 U.S.C. § 2252A(c)[2] for the sending, receiving and reproducing specifications:

> You are advised that the evidence has raised the issue of a defense in relation to this offense. One of the elements to this offense is that the accused's act was wrongful, meaning without legal justification or excuse. The accused's act is not wrongful, and the accused cannot be found guilty of this offense if the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct; <u>that each such person was an adult at the time that the material was produced;</u> and that the accused did not advertise, promote, present, describe or distribute the material in such a manner as to

---

[2] Section 2252A(c) was amended in 2003. The statute still provides an affirmative defense if only actual adults were used in the production of the images, § 2252A(c)(i)(A)(B) and § 2252A(C)(2), but all reference to the manner in which the images were advertised, described, presented, promoted or distributed has been removed from the statute.

> convey the impression it was, or contained, a visual
> depiction of a minor engaging in sexually explicit
> conduct.
>
> The prosecution's burden of proof to establish
> the guilt of the accused not only applies to the
> elements of the offense, but also to the issue of the
> defense; therefore, in order to find the accused
> guilty, you must be convinced beyond a reasonable
> doubt that the defense does not exist.[3]

Emphasis added.

This affirmative defense instruction contains the language found in § 2256(8)(D) including the phrase "conveys the impression" which was found to be unconstitutional. In light of the Supreme Court's ruling in Free Speech Coalition, this language is erroneous. We must decide, however, whether the error caused material prejudice to any of Wolford's substantial rights or whether it was harmless beyond a reasonable doubt. Kreutzer, 61 M.J. at 298.

We have held that a military judge is "more than a mere referee." Graves, 1 M.J. at 53. He is charged with deciding whether any defense is reasonably raised by the evidence. United States v. Barnes, 39 M.J. 230, 232-33 (C.M.A. 1994). If there is "some evidence" of a possible defense -- it does not have to be compelling or convincing beyond a reasonable doubt -- the military judge is duty bound to give an instruction even if

---

[3] The military judge used this language in regard to the sending and receiving specification and referenced it in regard to the reproducing specification.

the instruction was not requested by the parties.  United States v. Jackson, 12 M.J. 163, 166-67 (C.M.A. 1981) (citations omitted).  "This [c]ourt reviews a military judge's decision to give an instruction . . . de novo."  Smith, 50 M.J. at 455 (citing United States v. Maxwell, 45 M.J. 406, 424-25 (C.A.A.F. 1996)).

The instruction in question provided a defense to Wolford only if the images in question were created using adult models who were made to look like children.  At trial, a pediatrician, Lieutenant Colonel Reginald Moore, M.D., testified for the prosecution.  Dr. Moore testified that fifty-five of the eighty-six images found on Wolford's computer were of children under the age of eighteen.  Defense counsel's cross-examination of Dr. Moore was focused entirely on whether Dr. Moore had seen any of the pictures he reviewed in Wolford's case in any previous case. Defense counsel did not ask any questions that raised the possibility that any of the images relied upon by the Government depicted an adult rather than a child.  No such evidence or argument was introduced at any other time.  Thus, there was no evidence in the record of a possible affirmative defense, and there is simply no danger that the members might have used this unnecessary, but erroneous, instruction.

The lack of any evidentiary basis combined with defense counsel's assurance that no instruction was needed renders the

military judge's error harmless beyond a reasonable doubt.  Cf. United States v. Sikorski, 21 C.M.A. 345, 351, 45 C.M.R. 119, 125 (1972) (effect of erroneous instruction need not be considered where instruction challenged by accused was specifically requested by him at trial).

    C.    Constitutionality of 18 U.S.C. § 2256(8)(D) Language

Wolford's third argument is that the military judge's use of the language of § 2256(8)(D) in the instructions is unconstitutional even though he deleted the "conveys the impression" phrase.  As noted earlier in this opinion, in O'Connor we stated that the Supreme Court in Free Speech Coalition had found "the 'or appears to be' language of § 2256(8)(B), and the entirety of § 2256(8)(D)" to be unconstitutional.  58 M.J. at 452.  Based upon that language, Wolford argues that the mere deletion of the phrase "conveys the impression" from § 2256(8)(D) does not remedy the constitutional infirmity.  However, upon a close reading of Free Speech Coalition, it is clear that the Supreme Court's concern with § 2256(8)(D) centered on the "conveys the impression" language.  Their discussion focused on the impact of this language and how it addressed how speech was presented, not on what was actually depicted.  535 U.S. at 257-59.

Since the issuance of O'Connor, we have adopted this narrower interpretation of the Supreme Court's treatment of §

12

United States v. Wolford, No. 04-0578/AR

2256(8)(D).  In both United States v. Cook, 60 M.J. 130

(C.A.A.F. 2004) (summary disposition) and United States v.

Lowrance, 60 M.J. 129 (C.A.A.F. 2004) (summary disposition),

this court affirmed guilty plea convictions under the CPPA where

the military judge omitted the phrase "conveys the impression"

from the language of § 2256(8)(D), but used the remaining

language from the definition.  Here the military judge's

instruction did not use "conveys the impression" language that

was the focus of the Supreme Court's finding of

unconstitutionality.  Accordingly, the military judge's

instruction on the definition of "child pornography" was not

erroneous.

III.  Legal Sufficiency

Wolford argues the evidence that the images were created

using actual children was not legally sufficient.  The

Government takes the position that a factfinder has the

prerogative to decide without expert testimony whether images of

child pornography are actual or virtual.

We recently addressed this issue in United States v.

Cendejas, 62 M.J. 334 (C.A.A.F. 2006).  In Cendejas, we held

that the finder of fact can make a determination that an actual

child was used to produce the images in question based upon a

review of the images alone.  Id. at 338.  The images introduced

by the prosecution in Wolford's case were sufficient to enable a

13

reasonable factfinder to find guilt beyond a reasonable doubt. Turner, 25 M.J. at 324. Accordingly, the evidence was legally sufficient to support the members' verdict that Wolford was guilty of sending, receiving, reproducing and possessing child pornography.

## DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Wolford, No. 04-0578/AR

BAKER, Judge (concurring in result):

Having previously concluded that the Supreme Court found "the 'or appears to be' language of § 2256(8)(B), and the entirety of § 2256(8)(D)" to be unconstitutional, United States v. O'Connor, 58 M.J. 450, 452 (C.A.A.F. 2003), this Court now takes the view that "the Supreme Court's concern with § 2256(8)(D) centered on the 'conveys the impression' language." United States v. Wolford, 62 M.J. __ (12)(C.A.A.F. 2006). As a result, this Court concludes that the military judge's instruction using the other elements of § 2256(8)(D) "was not erroneous." Id. at __ (13).

According to the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 258 (2002):

> Section 2256(8)(D), however, prohibits a substantial amount of speech that falls outside Ginzburg's rational. Materials falling within the proscription are tainted and unlawful in the hands of all who receive it, though they bear no responsibility for how it was marketed, sold, or described. The statute, furthermore, does not require that the context be part of an effort at "commercial exploitation." Ibid. As a consequence, the CPPA does more than prohibit pandering. It prohibits possession of material described, or pandered, as child pornography by someone earlier in the distribution chain. The provision prohibits a sexually explicit film containing no youthful actors, just because it is placed in a box suggesting a prohibited movie. Possession is a crime even when the possessor knows the movie was mislabeled. The First Amendment requires a more precise restriction. For this reason, § 2256(8)(D) is substantially overbroad and in violation of the First Amendment.

<u>United States v. Wolford</u>, No. 04-0578/AR

Although the Supreme Court's focus in <u>Free Speech Coalition</u> was indeed on the "conveys the impression" language, the Court's constitutional concern extended beyond this language. Otherwise, the Court would not have held the entirety of § 2256(8)(D) "substantially overbroad and in violation of the First Amendment," nor expressed concern with the section's language on pandering. Whatever this Court's prior views as expressed in <u>United States v. James</u>, 55 M.J. 297 (C.A.A.F. 2001), as a subordinate court we do not have the luxury of choosing or delimiting the Supreme Court's constitutional conclusion that § 2256(8)(D), as a whole, is overbroad and unconstitutional. <u>United States v. Irving</u>, 432 F.3d 401, 411 (2d Cir. 2005) (assuming both sections found unconstitutional); <u>United States v. Bach</u>, 400 F.3d 622, 630 (8th Cir. 2005) (commenting that Supreme Court held both sections in their entirety unconstitutional); <u>United States v. Wyatt</u>, 64 F. App'x 350, 351 (4th Cir. 2003) (commenting that Supreme Court invalidated both sections); <u>United States v. Kelly</u>, 314 F.3d 908, 910 (7th Cir. 2003) (commenting that Supreme Court struck down "the provisions of the CPPA that expanded the definition of child pornography to include virtual images"); <u>United States v. Hall</u>, 312 F.3d 1250, 1259 (11th Cir. 2002) (commenting that Supreme Court "struck down as unconstitutional the words 'or appears to be' from the definition of child pornography

2

contained in § 2256(8)(B) and the entire definition of child pornography in § 2256(8)(D)").

Nonetheless, I would affirm Appellant's conviction on the ground that any instructional error on the potential defense was harmless beyond a reasonable doubt. In United States v. Martinelli, 62 M.J. 52 (C.A.A.F. 2005), albeit in the context of a guilty plea, we expressly left open the possibility of such a situation. In upholding Martinelli's plea we noted "the absence of any focus on the 'actual' versus 'virtual' nature of the images, the use of the unconstitutional definition of 'child pornography,' and the absence of anything in the record that would demonstrate that Martinelli pled guilty to a constitutionally defined violation of federal law. Id. at 65.

Applying this same reasoning to this contested case, I am confident that the use of the erroneous instruction on the potential defense incorporating some but not all of the language in § 2256(8)(D) was harmless beyond a reasonable doubt. The Government did not argue that Appellant had advertised, promoted, presented, described, or distributed the pictures in question "in such a manner that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(D) (amended 2003). There was no evidence presented that Appellant was being charged for possessing material based on the manner in which someone earlier

in the pornography food chain described it.  Finally, Appellant

did not defend on either basis.  Apparently the defense theory

was that the images were of actual children and the defense

focused on challenging Appellant's knowledge that he possessed

the images.  Thus, the record is clear that Appellant was

charged, and convicted, for possessing pictures of actual minors

engaged in sexually explicit conduct.