BAKER, Judge
(concurring in result):
Having previously concluded that the Supreme Court found “the ‘or appears to be’ language of § 2256(8)(B), and the entirety of § 2256(8)(D)” to be unconstitutional, United States v. O’Connor, 58 M.J. 450, 452 (C.A.A.F.2003), this Court now takes the view that “the Supreme Court’s concern with § 2256(8)(D) centered on the ‘conveys the impression’ language.” United States v. Wolford, 62 M.J. at 423 (C.A.A.F.2006). As a result, this Court concludes that the military judge’s instruction using the other elements of § 2256(8)(D) “was not erroneous.” Id. at 423.
According to the Supreme Court in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 258, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002):
Section 2256(8)(D), however, prohibits a substantial amount of speech that falls outside Ginzburg’s rational. Materials falling within the proscription are tainted and unlawful in the hands of all who receive it, though they bear no responsibility for how it was marketed, sold, or described. The statute, furthermore, does not require that the context be part of an effort at “commercial exploitation.” Ibid. As a consequence, the CPPA does more than prohibit pandering. It prohibits possession of material described, or pandered, as child por *424 nography by someone earlier in the distribution chain. The provision prohibits a sexually explicit film containing no youthful actors, just because it is placed in a box suggesting a prohibited movie. Possession is a crime even when the possessor knows the movie was mislabeled. The First Amendment requires a more precise restriction. For this reason, § 2256(8)(D) is substantially overbroad and in violation of the First Amendment.
Although the Supreme Court’s focus in Free Speech Coalition was indeed on the “conveys the impression” language, the Court’s constitutional concern extended beyond this language. Otherwise, the Court would not have held the entirety of § 2256(8)(D) “substantially overbroad and in violation of the First Amendment,” nor expressed concern with the section’s language on pandering. Whatever this Court’s prior views as expressed in United States v. James, 55 M.J. 297 (C.A.A.F.2001), as a subordinate court we do not have the luxury of choosing or delimiting the Supreme Court’s constitutional conclusion that § 2256(8)(D), as a whole, is over-broad and unconstitutional. United States v. Irving, 432 F.3d 401, 411 (2d Cir.2005) (assuming both sections found unconstitutional); United States v. Bach, 400 F.3d 622, 630 (8th Cir.2005) (commenting that Supreme Court held both sections in their entirety unconstitutional); United States v. Wyatt, 64 Fed. Appx. 350, 351 (4th Cir.2003) (commenting that Supreme Court invalidated both sections); United States v. Kelly, 314 F.3d 908, 910 (7th Cir.2003) (commenting that Supreme Court struck down “the provisions of the CPPA that expanded the definition of child pornography to include virtual images”); United States v. Hall, 312 F.3d 1250, 1259 (11th Cir.2002) (commenting that Supreme Court “struck down as unconstitutional the words ‘or appears to be’ from the definition of child pornography contained in § 2256(8)(B) and the entire definition of child pornography in § 2256(8)(D)”).
Nonetheless, I would affirm Appellant’s conviction on the ground that any instructional error on the potential defense was harmless beyond a reasonable doubt. In United States v. Martinelli, 62 M.J. 52 (C.A.A.F.2005), albeit in the context of a guilty plea, we expressly left open the possibility of such a situation. In upholding Martinelli’s plea we noted “the absence of any focus on the ‘actual’ versus ‘virtual’ nature of the images, the use of the unconstitutional definition of ‘child pornography,’ and the absence of anything in the record that would demonstrate that Martinelli pled guilty to a constitutionally defined violation of federal law.” Id. at 65.
Applying this same reasoning to this contested case, I am confident that the use of the erroneous instruction on the potential defense incorporating some but not all of the language in § 2256(8)(D) was harmless beyond a reasonable doubt. The Government did not argue that Appellant had advertised, promoted, presented, described, or distributed the pictures in question “in such a manner that the material is or contains a visual depiction of a minor engaging in sexually explicit conduct.” 18 U.S.C. § 2256(8)(D) (amended 2003). There was no evidence presented that Appellant was being charged for possessing material based on the manner in which someone earlier in the pornography food chain described it. Finally, Appellant did not defend on either basis. Apparently the defense theory was that the images were of actual children and the defense focused on challenging Appellant’s knowledge that he possessed the images. Thus, the record is clear that Appellant was charged, and convicted, for possessing pictures of actual minors engaged in sexually explicit conduct.